LYON, *ex. dem.* EDEN and WOOD, *against* BURTIS and the
BANK OF NEW YORK.

THE SAME *against* DIFFERENT DEFENDANTS IN TEN
OTHER CAUSES.

On judgment being affirmed in the court of errors, execution may issue from this court at any time on filing the *remittitur*, of course, and without the entry of any rule for that purpose.

EJECTMENT. The plaintiff had judgment in these causes in the Supreme Court. The defendants removed them by writs of error into the Court for the trial of impeachments and the correction of errors, where the judgments were affirmed on the 18th day of December last. (Vide ante, 333.) The attorney for the plaintiff then caused the *remittitur* attached to the transcript in each cause, to be filed in the office of the Clerk of this Court in the city of New York, on the 7th day of February instant ; and issued writs of possession, tested at the city of Albany, on the 1st day of November last, returnable on the first day of the present term ; which had been executed.

*E. Barnes* moved to set aside these writs for irregularity. And he cited Com. Dig. Pleader, (3 B. 20,) *Vicars* v. *Haydon, lessee of Carrol,* (Cowp. 841,) Tidd, Pr. 1135, 6, 1 Archb. Pr. 236, *Lord Kinnaird et al.* v. *Lyall,* (7 East, 296,) *Penoyer* v. *Brace,* (1 Salk. 319, Barn. 201, 1 Ld. Raym. 244,) *Howard* v. *Pitt,* (1 Salk. 261,) and 4 Leon. 197.

*A. Burr* and *E. Williams,* contra, cited Lee's Dict. of Pr. 548, 9, 2 Tidd Pr. 1234, 5, 7th Lond. ed. 1821, 1 Salk. 261, 5, 319, 1 Ld. Raym. 244. They remarked, that the writ of error operated merely as a suspension of the execu-

tion. When this ceases, the party may go on upon his old record of course, on the proper evidence being filed to show that the suspension has ceased. There is no need of a rule. It is like the case of a *procedendo*. The party is remitted to his original rights. It is only necessary that the *supersedeas* should cease to operate.

*Talcott*, (Attorney General,) in reply, said that though a transcript only was removed by the writ of error, yet to proceed in vacation is against the theory of this Court. The *remittitur* is a direction to proceed which they cannot receive and act upon except in term. He admitted that, on the arrival of a term, a rule that execution issue might be entered of course, on motion; but a judgment may be reversed in part and affirmed in part. In such a case, the rule and the award of execution upon the roll must be modified accordingly. If circumstances might require a special application to the Court for this purpose, a proper degree of caution would require that it should be done in every case. In this case no rule had been entered.

*Curia.* It is enough that the *remittitur* was filed, which may be done at any time before execution issues.

By the *remittitur*, the cause is here in the same situation, and for the same purposes, as before writ of error brought. No rule need be entered. The party may proceed with his execution, of course, as if it had never been suspended.

Motion denied.