NEW-YORK,
May, 1828.

Dale
*ads.*
Rosevelt.

---

DALE, administrator de bonis non, &c. with the will annexed, of R. Fulton, deceased, *ads.* ROSEVELT.

MOTION to set aside execution for irregularity. The plaintiff heretofore obtained a judgment in this court against Harriet Fulton, as surviving executrix of Robert Fulton, on which a writ of error was prosecuted by the present defendant. On the 31st Dec. 1827, the judgment of this court was affirmed, and the defendant ordered to pay double costs and interest on the amount of the judgment, by way of damages. On the 21st January, the costs in error were taxed and the interest computed by the recorder of New-York, amounting together to the sum of $758,64, which sum was inserted in the *remittitur*. On the 6th February, the plaintiff filed the *remittitur* in the clerk's office, and made an entry on the origingal record, in the suit against the executrix, stating the suing out of the writ of error, reciting the substance of the *remittitur*, and concluding that the proceedings now remain of record, &c. On the 3d March, during the February term of this court, the plaintiff obtained an award of execution against the defendant for the amount of the original recovery, of which award he states he has prepared a record, and purposes to have the same signed as a record on a *scire facias*

Costs in the court of errors, in a case remitted to the supreme court, may be taxed by a taxing officer of the S. C. A remittitur may be filed in vacation. The proceedings subsequent to the suing out of a writ of error need not be entered upon the judgment roll.

*quare executionem non.* After the 6th February, the plaintiff issued an execution against the defendant for the costs in error and the interest as awarded by the court of errors; to set aside which execution, the motion is now made on the following grounds : 1. That the continuance roll was not signed by a judge or proper officer; 2. That the *remittitur* was filed in vacation, and not in term ; and 3. That the costs in error were not taxed by an officer authorized by law to tax costs in the court of errors.

*C. Graham,* for defendant.

*J. I. Roosevelt,* for plaintiff.

*By the Court,* WOODWORTH, J.   The rule of the court of errors does require that the costs in that court shall be taxed by the chancellor, or one of the judges, or by the clerk ; but this rule was inadvertently adopted, as by a provision of the fee bill, (2 *R. L.* 4,) the taxation of such costs may be in the usual manner of taxing costs in the court to which the record is remitted.   There was therefore no irregularity in the taxation.

The practice as to the filing of the *remittitur* has not been uniform.   In some instances it has been filed in vacation ; in others, leave has been asked of the court.   But in a case like this, where nothing was to be done by the supreme court to carry into effect the judgment above, but to permit the issuing of an execution, why should the party wait until term ? The execution issues by the order of the court of errors, not of this court.   The practice, however, is settled in the case of *Lyon* v. *Burtis,* (2 *Cowen,* 510,) that the *remittitur* may be filed in vacation.

As to the objection that the continuance roll, as it is called, was not signed by a judge, the defendant has misapprehended its object.   It is not a judgment awarding execution, or adding new parties, in which cases the signature of a judge or commissioner would be necessary ; it is a bare history of the proceedings after judgment, and was altogether superfluous, as the *remittitur* contained all that was necessary to be stated.

The motion is therefore denied, but without costs, the defendant being an administrator, and the court being satisfied that the motion was made in good faith, that it is not frivolous, nor intended to vex or put the opposite party to expense.

Motion denied.