ALBANY,
April, 1830.

Legg
v.
Overbagh.

---

LEGG and others *appelants*, and OVERBAGH and others, *respondents*.

The court for the correction of errors has no cognizance of a cause, and is not competent to make any order respecting it, where a decree of the chancellor has been duly affirmed in the court for the correction of errors according to the settled rules of practice of that court, and no irregularity has intervened either on the part of the party obtaining the affirmance, or of the clerk of the court in entering the order of the court, or in remitting the proceedings, and the proceedings have been duly remitted to the court of chancery ; *so it was held* in a case where a decree was affirmed for the default of the counsel of the appellants in appearing to argue the cause at the time when the cause was set down for argument, although the absence of counsel was shewn to have been occasioned by sickness.

*It seems*, however, that if the order of the court on which the remittitur issues is irregularly obtained, or erroneously entered, or if any irregularity occurs in the remitting of the proceedings to the court below, the court, for the correction of errors will exercise jurisdiction over the matter, the proceedings in such cases being considered as remaining in that court.

April 10,1830.    MOTION to vacate decree of affirmance. In *May*, 1829, a final decree was pronounced in chancery in favor of the respondents here, the defendants below ; the complainants below appealed, and the cause was set down for argument at the session of this court in *September* last; the court refused to hear it, in consequence of the indisposition of one of the counsel for the appellants, and when subsequently other counsel were prepared to argue, the court adjourned the further hearing of appeals, and took up writs of error. On the 1st February, 1830, on the application of the respondents, the cause was set down for hearing on the third Monday (*fifteenth*) of *March*, of which due notice was given. On that day, the counsel for the appellants not appearing, the hearing of the cause, on a suggestion that counsel would probably attend, was postponed until the next day ; when no counsel appearing for the respondents, the decree of the chancel-

lor was *affirmed* for the default of the appellants. On the twenty-second day of March, the *remittitur* was filed in the court of chancery, and an order entered to carry the decree of this court into effect. On the *seventh* of *April* the chancellor stayed the enrolling of the decree. The costs of affirmance were noticed to be taxed on the *eighth* day of April. On this state of facts, and full and satisfactory affidavits that two counsel employed by the appellants were prevented by sickness from attending to argue the case, a motion was made to vacate the decree affirming the decree of the chancellor, and to reinstate the cause in this court, so that it might be heard on its merits.

ALBANY,
April, 1833.

Legg
v.
Overbagh.

*J. Tallmadge & D. B. Ogden,* for the motion, contended that the remittitur had irregularly issued, inasmuch as it had been sent down to the court of chancery without having the costs of affirmance inserted, which they argued was required by the 19th rule of this court; and if so, it was of course to reinstate the cause, and to this point they cited *Waters* v. *Travers,* (8 Johns. R. 566.) But if there was no irregularity, they insisted that they were entitled to the effect of their motion, having excused their default; that the petition of appeal and the decree of this court having been sent down to chancery did not deprive this court of the power to *supersede* the remittitur, and that the *supersedeas,* when issued, would have the effect to nullify any proceedings which might have been had in the court of chancery ; and in support of this position they cited *Vicars* v. *Hayden,* (Cowp. 841,) where the K. B. in *England* issued a *supersedeas* to a writ of *mittimus* sent to the K. B. in *Ireland,* commanding them to do execution, after the affirmance of the judgment. They contended that the court must necessarily have the power to supersede a remittitur thus issued, or the most unjust consequences might ensue ; for if by accident or surprise a decree or judgment was affirmed, without the case being heard on its merits, the party would be remediless.

*A. Van Vechten,* contra, insisted that there was no irregularity ; that the rule of this court, as amended in 2 Wendell, 239, did not require the costs to be inserted in the remittitur

*before* it was sent down to the court below ; that the petition of appeal, and the proceedings brought up thereby, having been remitted to the court of chancery, this court had no longer jurisdiction of the case. The court being strictly an appellate court, and not having a supervisory power over inferior courts, as has the K. B. of England over the K. B. of Ireland, and that therefore this case was distinguishable from that in Cowper. Should the decree of this court affirming the decree appealed from be vacated, there would be no proceedings remaining in this court on which the parties could be heard. The appeal having been remitted, the court had lost its jurisdiction of the cause, which could not be regained by a supersedeas. A writ *quia improvide emanavit* goes only for the oversight or error of the court, and not for the improvidence of the party. When the proceedings have been regularly remitted according to the course and practice of the court, they will not be re-called by a supersedeas.

On the next day the following opinions were delivered :

By Chief Justice SAVAGE. When a *remittitur* has regularly issued, and the proceedings have been sent down to the court below, this court has no longer any control over the cause ; the court below has become re-possessed of it, and the jurisdiction of this court over it has ceased. It is otherwise when the remittitur has issued irregularly. When issued irregularly, in contemplation of law, the proceedings remain here, and the order or decree made will of course be superseded ; the remittitur issued not being considered the act of the court. Here, however, it was the act of the court. The appellants not having appeared to argue, the decree appealed from was affirmed in pursuance of the rules of the court, and the remittitur regularly issued. If, under these circumstances, this cause can be re-called, then a cause which has been remitted to the court below may be reinstated in this court after argument and decision, which it is presumed will not be pretended. The proceedings brought up by the appeal have been remitted to the court of chancery, and remain in that court ; they are no longer here, and it is not competent to this court to make any order on the subject. There is nothing in the objection that the remittitur ir-

regularly issued ; the costs of affirmance need not be insert-
ed in the remittitur previous to its being sent down. The
absence of the appellants is satisfactorily accounted for, and
had the court the power, the motion ought to be granted;
but they no longer possess jurisdiction of the cause, and can-
not make any order respecting it.

Mr. Justice SUTHERLAND concurred with the chief justice
in opinion that the absence of the council was satisfactorily
accounted for, but he thought that both upon principle and
authority this court had no longer any control over the cause.
This court is entirely *appellate*, and when proceedings
brought here by appeal or writ of error are regularly remit-
ted to the court below, the jurisdiction of this court is gone.
If a remittitur issues irregularly, or if the party has irregular-
ly obtained the order of this court, the remittitur may be su-
perseded. In such case, in judgment of law, the proceed-
ings remain here. (*Waters* v. *Travis*, 8 Johns. R. 566,)

It has been repeatedly holden in this court, both collater-
ally and when the question has directly arisen, that after a re-
mittitur it is too late to correct an error, even in the judg-
ment of the court. In the case of *Murray* v. *Blatchford*, (2
Wendell, 221,) this court modified their decree after the re-
mittitur had been carried to chancery; but it had not been
received there, and on that ground it was held that the cause
might be considered as still remaining here, and therefore the
decree was corrected. In *Evertson* v. *Booth*, (20 Johns. R.
500,) Chief Justice Spencer expressed his doubts whether a
decree of this court could be modified after it was made, al-
though the transcript had not been remitted. In the winter
session of 1829, this court refused to supersede a remittitur
in the cause of *Safford* v. *Stevens*, on the ground that juris-
diction of the cause had been lost. Upon that occasion, the
case in Cowper was presented for consideration, but the court
refused to grant the motion. He also concurred in opinion
with the chief justice, that the sending down the remittitur
previous to the taxation of the costs was not irregular.

Mr. Justice MARCY said that he did not concur with his
brethren that the power of this court to supersede a remittitur

depended upon its having issued irregularly. In his opinion, it depended upon the fact whether this court had originally obtained jurisdiction of the cause, and whether the circumstances of the case were such as that justice required the interference of the court. If it be conceded that the proceedings may be brought back, where the remittitur has issued irregularly or improvidently, it appeared to him that they might be brought back whenever the circumstances were such as to warrant the interference of the court : if in one case, in all ; for the jurisdiction of the court cannot depend upon the regularity or irregularity of the remittitur. In the case in Cowper, where the K. B. superseded the writ of *mittimus*, the record was remanded to England, and an amendment was ordered. The supreme court of the United States, after dismissing an appeal and remitting the record, reinstated a cause on its appearing that the party was not in fault, and that the dismissal of the appeal was in consequence of the omission of the clerk of the court below to send up the whole record. (12 Wheaton, 10.) In the case of *Safford* v. *Stevens*, he said he was in favor of vacating the order of this court after the remittitur was sent to the supreme court, but that the court did not concur with him.

The CHANCELLOR concurred in the opinion pronounced by the judges of the supreme court, that there could be no question of the power of this court to supersede a remittitur irregularly issued, or where the party had proceeded irregularly in obtaining the order of the court, or where the judgment of the court was misconceived by the clerk and erroneously entered. In such cases the proceedings he said would be considered as remaining in this court, and the remittitur would be recalled ; but where the proceedings are regularly remitted to the court below, the jurisdiction of this court is gone and no order can subsequently be made here. In the case of *Safford* v. *Stevens*, alluded to by the judges, double costs had been awarded, when the party was entitled to .but single costs ; and after the remittitur had issued, a motion was made to modify the judgment entered in this court, which was refused because the record was not here. On

his suggestion that relief might perhaps be obtained by *super-sedeas*, the application was made, but denied by the court. The case in 12 *Wheaton*, he thought might be distinguished from that under consideration; there the appeal was dismissed under an erroneous apprehension that the court had not jurisdiction of the cause because it was irregularly before them; but on discovering that the difficulty arose from a mere clerical error, the cause was re-instated. In *Browder* v. *M'Arthur*, (7 Wheaton, 58,) the supreme court of the U. S. had, however, previously decided that they could not re-hear a cause after a *mandate* had been sent to an inferior court.

The Chancellor also concurred in the opinion that there was no irregularity in respect to the costs; he expressed his regret, that under the circumstances of the case the party could not be relieved, but considering this court as having lost all jurisdiction of the cause, he was of opinion that the motion to re-instate it in this court must be denied.

Whereupon the motion was denied.