## THE UNION INDIA RUBBER COMPANY a. BABCOCK.

*New York Superior Court; Special Term, December,* 1854.

JUDGMENT OF COURT OF APPEALS.—HOW CARRIED INTO EFFECT.
COSTS.

The proper practice in respect to the form of entering judgment in the court below upon remittitur from the Court of Appeals, defined.

The costs of the appeal to the Court of Appeals, should be adjusted by the clerk of the court below, and inserted in the entry of judgment, in that court.

Form of judgment upon a remittitur.

Motion for judgment upon remittitur from the Court of Appeals.

The plaintiffs sued on a money demand arising on account of goods sold, and upon the report of a referee, judgment was ordered for the plaintiffs for thirteen hundred and fifty-two dollars, ninety-two cents, including costs. Both parties

appealed to the General Term. Both appeals were dismissed and the judgment below affirmed. The defendant then appealed to the Court of Appeals. But he having served no printed copies of the case, the appeal was dismissed by the respondent by an order entered of course. In accordance with the provisions of this order, the record as returned to the Court of Appeals was transmitted to the Superior Court, under a certificate of the clerk.

The plaintiff now moves for judgment upon the remittitur, with costs of the appeal.

*T. H. Rodman*, for plaintiff.

*J. H. Ward*, for defendant.

HOFFMAN, J.—The plaintiffs recovered a judgment against the defendant, on the 22d day of December, 1853, for the sum of $1353 92. This was an affirmance by the General Term, of a judgment obtained at Special Term on the 9th of July, 1853. The defendant appealed to the Court of Appeals, on the 24th of December, 1853. And on the 4th of December, 1854, an order of that court was made, dismissing the appeal, with costs, for want of service of printed copies of the case, as required by the 7th rule of that court, more than forty days having elapsed since the appeal was perfected. The order also directed the record and proceedings to be remitted to the Superior Court, there to be proceeded upon according to law. This has been done by transmitting to this court the record as returned to the Court of Appeals, under a certificate of the clerk.

By the 12th section of the Code, the judgment of the Court of Appeals, shall be remitted to the court below, to be enforced according to law. The provision of the Revised Statutes was similar;—that when an appeal shall have been heard and determined, all the proceedings, together with the decree or order therein, should be remitted to the Court of Chancery, where such further proceedings should be had as might be necessary to carry it into effect. (2. *Rev. Stats.*, 167, § 29).

The 469th section of the Code retains all the former rules and practice of the courts, not inconsistent with the act. And

although the order to dismiss an appeal is entered as of course, with the clerk, yet the theory is, that it is the same thing as if made in open court, by the judges themselves. It may also be well considered that such an order is a judgment within the meaning of the 12th section of the Code. Justice Parker in Tillspaugh v. Dick, (8 *How. Pr. R.*, 33,) calls a dismissal of a complaint for want of prosecution, a judgment.

The practice upon remittitur of appeals was well settled. Application was made to the Court of Chancery for an order or decree making the decree of the Court of Errors the decree of that court, and that it be carried into effect. Occasionally, the decision above rendered it necessary to make an entirely new decree, as in the case of the James will. But where there was a mere decree of affirmance with costs, the decree in the court below recited the remittitur, and the amount of the costs as taxed, and thereupon adjudged and decreed that the judgment of the Court for the Correction of Errors, and the decree of this court thereby affirmed, be carried into full execution and effect, and that the party have execution for the costs directed to be paid by the judgment of said Court of Errors, and the said decree of this court thereby affirmed. (Decree in Gregory v. Dodge, stated 3 *Hoff. Ch. Pr.* 220. Bowen v. Idley, *ibid.* 211).

In Dale *ads.* Roosevelt (1 *Wend.* 25), the practice on writs of error is pointed out. It was held that the remittitur could be filed in vacation, that an entry on the original record of the writ of error and remittitur, was unnecessary, that the costs taxable after the record had came down, were to be inserted in the remittitur, and an award of execution for such costs, I apprehend, would be proper. It appears settled law that no new rule for execution as to the original judgment was necessary. (2 *Cow.* 510).

The theory of this course of proceeding was, that the original decree remained in full force, dating from its original entry, and of course if for a money demand and docketed, retaining its lien. Then the decree made upon the remittitur operated in cases of affirmance, simply to give and declare a right to the costs of the appeal, and direct an execution to issue for them, and also where execution for recovery of money or

performance of an act had been decreed, to award execution for that also.

I apprehend that a similar course may be pursued under the Code, and that an order may be entered upon the filing the remittitur substantially in the form used in the Court of Chancery in similar cases of appeals.

In Hosack v. Rogers, (7 *Paige*, 108), the chancellor adverted to the practice in the Supreme Court and the Court of Chancery upon filing remittiturs, and settled, as the future course in the latter court, that they must either be presented to the chancellor in the first instance, or the party to whom the remittitur was delivered might give notice for a regular motion day in term or vacation, that he would file the remittitur and ask for such decree or orders as he considered himself entitled to, upon it

There is one point, however, which requires consideration. The costs of the appeal have been adjusted by the clerk of this court. The question is, whether this is regular.

By the course of the House of Lords, a specific sum is usually inserted in the decree or judgment, as the amount of costs to be allowed. As there is no officer of the House authorized to tax costs, if the agents cannot agree, and the House does not fix the amount definitely, a reference is sometimes made to a solicitor agreed upon by the parties. (*Palmer's Pr.* 74, 2 *Daniel's Pr.* 1371). It appears also that the House of Lords may order a party into custody for a contempt in not paying them, or direct the recognizance to be estreated into the Exchequer. (*Ibid.* 1372).

The original 19th rule of the Court of Errors, adopted in April, 1827, directed the costs to be taxed by the chancellor or judge of the Supreme Court or clerk of the Court of Errors. (9 *Cow.* 289). This was considered to be inconsistent with the fee bill, (2 *Rev. L.* 4), directing taxation of costs in the usual manner of the respective courts. Accordingly in April, 1829, the rule was amended to conform it to the language of the fee bill, and the costs of that court were afterwards taxed by the regular taxing officers of either court. This could be done after the record had been sent down. (Legg. v. Overbagh, 4 *Wend.* 188).

The Code has nowhere in terms prescribed either that costs shall be taxed, or by whom they shall be taxed. The power is deduced from the 311th section, and is considered as belonging to the clerk, from the language there used that he shall insert in the entry of judgment the sum of the charges for costs as provided in the Code, and the disbursements and fees of officers allowed by law. (Whipple v. Williams, 4 *How. Pr. R.*, 28. Nellis v. De Forrest, 6 *How. Pr. R.*, 413).

It has been decided in several cases, that the power of the clerk under the Code to tax costs is limited to a taxation upon final judgment. (Nellis v. De Forest, 6 *How. Pr. R.* 413; Mitchell v. Westervelt, *Ibid.* 265; Burnside v. Brown, 6 *District, January*, 1852, cited 6 *How. Pr. R.* 415; Echerson v. Spoor, 4 *How. Pr. R.* 361; Morrison v. Ide, *Ibid.* 304).

In Van Schaick v. Winne, (8 *How. Pr. R.* 5), Justice Harris held that the taxation of costs by a judge at chambers was a nullity. The clerk was the only officer authorized by the Code to tax or adjust costs. His authority was limited to the taxation of costs upon the entry of judgment. The amount of costs upon interlocutory proceedings should be fixed by the order allowing them, and he, as well as Justice Hand, hold that the court has clearly the power in all other cases to make a reference to the clerk to adjust the costs.

The authority to tax the costs has been for many years the subject of legislative enactment. By the 37th section of the Revised Statutes, records of judgment should be signed and the costs be taxed, by one of the justices, or by the clerk, a circuit judge or supreme court commissioner. (2 *Rev. Stats.* 282, § 37). The 8th section of the act of 1813, (1 *Rev. Stats.* 320), gave the same power to the clerks.

So in the Court of Chancery, an act of April 15, 1814, (Sess. Laws, 1814, 163, p. 187), authorized the chancellor to designate masters to tax costs who should have exclusive jurisdiction to do so during the pleasure of the court. (See the authority continued in 2 *R. S.* 169, § 5).

The language of the 311 section of the Code, is that the clerk shall insert in the entry of judgment the sum of the charges for costs as above provided, with the necessary dis-

bursements and the expense of printing the papers upon appeal.

By the 307th section and the seventh subdivision, an allowance is to be made on appeal to the Court of Appeals, and such costs appear to fall within the phrase "as above provided," as well as any other. The clerk therefore has, as to these, the same authority that he has as to any other costs.

The proper mode then appears to be that the judgment of the Court of Appeals be directed to be made the judgment of this court, and that the costs of appeal when adjusted, be inserted in such judgment.*

---

\* His honor, with the concurrence of three other justices, approved of the following order: remarking that if on the presenting the remittitur, the court deemed a · notice proper, the order would be so far varied as to be made an order to show cause why the judgment of the Court of Appeals should not be made the judgment of the Superior Court, and a judgment entered in the Superior Court conformably thereto; a copy of the proposed judgment to be served with such order to show cause.

TITLE OF CAUSE.          " At a Special Term," &c.

" This cause having been brought on upon the remittitur herein sent down from the Court of Appeals and now filed in this court, by which remittitur it appears that an appeal was taken by the defendants from the judgment of this court to the said Court of Appeals, and that such appeal had been dismissed by such court with costs for want of prosecution, and that the record and proceedings had been directed by said Court of Appeals to be remitted to this court, and this court directed to enforce the said judgment of the Court of Appeals according to law. Now, therefore, on motion of Mr. Rodman of counsel for the plaintiffs, it is ordered and adjudged that the judgment of the said Court of Appeals be, and the same is hereby made the judgment of this court; and that the plaintiffs have execution against the defendants for the costs when adjusted by the clerk and inserted in this judgment, as well as for the amount adjudged to be recovered in and by the judgment of this court in this cause entered the 9th of July, in the year 1853; and that this order or judgment be annexed to the judgment record herein."