It is claimed by the defendants that the facts do not show any breach of the conditions of their undertaking, on the ground that the judgment has not been affirmed on their appeal. First: They insist that, on the reversal by the general term of the judgment of the special term, they were absolutely discharged, and could not be again made liable, without their assent, by the order of another court in an appeal to which they were strangers.Second: That the judgment has never been affirmed by the general term, to which the appeal was brought; and that neither the judgment of the Court of Appeals, nor the order of the special term carrying that judgment into effect, is such a judgment of affirmance as is contemplated by the statute or by their undertaking.
The judgment of the general term, reversing that of the special term, so long as it remained in force, was effectual as a bar to a suit on the undertaking; but it was a conditional, and not an absolute, discharge of the sureties. The general term itself might have seen fit to vacate its own judgment, and on rehearing might have affirmed the judgment appealed from, and in that case the liability of the sureties could not be doubted. The substance of their obligation was, that if on the final termination of the appeal the judgment should be affirmed, in whole or in part, it should be paid, so far as affirmed, with damages and costs. If the first judgment of the general term had been against the appellant, the defendants would not have been absolutely concluded by it, so long as they had any means of obtaining a contrary judgment, either by a direct application to that court, or by calling in the aid of a higher court to correct their errors, if they had committed any. They were holden to abide the final judgment upon their appeal, and the judgment of the appellate *Page 488 
court, produced by the mandate of a higher court, has the same effect as if it had been arrived at without the interposition of such higher court. It is the final judgment upon the original appeal. This disposes of the first objection, and it would dispose of the whole defence, if the order making the judgment of the Court of Appeals the judgment of the Supreme Court had been made at the general instead of the special term, as it no doubt might have been, being an order of course, and usually made on motion of the prevailing party without notice to the other party. (2 Cowen, 510; 1 Wend., 25; 7 Paige, 110.) The order by the special term, however, was in accordance with the usual practice, and I think was as effectual to charge the defendants as if it had been made by the general term. If the statute had authorized an undertaking that the judgment should be paid if affirmed by the general term, and the undertaking had been framed accordingly, I am inclined to think that the defendants' objection, although technical merely, would be well taken. That, however, is not the substance of their engagement. It is, that if the judgment shall be affirmed "on said appeal." It has been so affirmed, according to the regular course of judicial proceedings, as they were usually conducted when the appeal was brought.
It is not necessary to decide the question, whether the judgment of the Court of Appeals, without the formality of making it the judgment of the Supreme Court, would have fixed the defendants' liability.
The judgment of the Supreme Court should be affirmed.
All the judges concurring,
Judgment affirmed. *Page 489