## HOPKINS vs. GILMAN.

*Remittitur — Loss of jurisdiction.*

After the papers in a cause decided in this court on appeal, together with the judgment of this court, have been *regularly* remitted to the court below, this court has lost jurisdiction, and cannot recall the cause for a rehearing.

APPEAL from the Circuit Court. for *Milwaukee* County.

The judgment of this court, reversing a judgment of the circuit court in favor of the plaintiff, was rendered on the 28th of February,. 1868, and the opinion filed on the same day. See 22. Wis. 476. On the 13th of April following,. the clerk of this court remitted to the circuit court the record and papers in the cause. Afterward, on defendant's motion,. plaintiff was required to show cause why an order should not be made requiring the circuit court to return to this. court said papers and record, and why defendant should not have leave to file a motion for a rehearing, and for a modification of. the opinion. The plaintiff now moves to discharge this order.

*D. G. Hooker*, for the motion.

*J. Downer*, contra.

COLE, J. The rule to show cause must be discharged. The statute requires the clerk to remit to the court from which the appeal was taken the papers transmitted to the supreme court on the appeal, together with the judgment or decision of the supreme court thereon, *within thirty days* after the same shall have been made, unless the supreme court, on the application of either party, shall direct them to be retained for the purpose of a rehearing. Laws of 1861, chap. 264, § 7. The *remittitur*, then, has properly issued, and the record has been regularly sent down to the court below. This court has no longer any control over the cause. It has lost jurisdiction over it. The court below has become repossessed of the cause. It has been decided a number of times by this court, that when a *remittitur* has regularly issued, and the record has been sent down to the court below, this court has lost jurisdiction of the cause. That this ruling was in accordance with the authorities, the following cases will show: *Legg v. Overbagh*, 4 Wend. 188; *Dresser v. Brooks*, 2 Comstock, 559; *Delaplaine v. Bergen*, 7 Hill, 591.

*By the Court.* — The rule to show cause is discharged.