# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

## ON APPEAL FROM THE COURT OF CHANCERY,

MARCH TERM, 1882.

---

ADAH A. PUTNAM

*v.*

LYDIA A. CLARK et al.

Where the court of errors and appeals has rendered a decree after hearing on the merits, and the decree has been entered in the minutes in accordance with the views of the court, and the record has been regularly remitted to the court below, it has no further jurisdiction of the case, and therefore will not entertain an application for leave to file a bill of review. Such application is to be made to the court of chancery.

---

On petition for leave to file a bill of review in the court of chancery.

*Mr. Cortlandt Parker* and *Mr. Charles H. Hartshorne,* for petitioner.

10                                                    145

I. It is proper practice to ask of this court leave to file a bill of review below—the decree below having been affirmed in this court.

The court of chancery cannot, after its decree has been affirmed in this court, grant leave to file a bill of review. *Jewett* v. *Dringer, 4 Stew. Eq. 586; Southard* v. *Russell, 16 How. 547; United States* v. *Knight, 1 Black (U. S.) 488.* These cases were subsequent to *Martin* v. *Hunter's Lessee, 1 Wheat. 304,* in which (*p. 355*) the effect of a final determination of the cause is recognized. See, also, *King* v. *Ruckman, 7 C. E. Gr. 551; Carr* v. *Green, Rich. Eq. Cas. 405; Barbon* v. *Stearle, 1 Vern. 416; Story's Eq. 408–418; Haskell* v. *Raoul, 1 McCord Ch. 22, 30; Flower* v. *Lloyd, L. R. (6 Ch. Div.) 289.*

II. It is no objection that the new evidence is that of a party to the suit (Barrett).

Barrett could have been examined as a witness (had he been found) in the original suit, notwithstanding there were parties suing in a representative capacity. The statute excluding the evidence of a party when others are sued as executors, does not apply when he is not interested in the cause—when he is only a nominal party. *Harrison* v. *Johnson, 3 C. E. Gr. 420, 425; Lanning* v. *Lanning, 2 C. E. Gr. 234.*

" A plaintiff [in equity] might obtain an order as of course to examine a defendant as a witness, upon affidavit that he was a material witness, and was not interested upon the side of the applicant." * * * " And it may be obtained *ex parte* as well after as before decree." *1 Greenl. Ev.* § *361; 1 Dan. Ch. Pr. 885, note (ed. 1871).*

III. A bill of review is proper when the new evidence is (1) material; (2) not cumulative; (3) shows the decree to be wrong, and that injustice has been done by it, and (4) when the evidence could not by reasonable diligence have been procured before the former decree was made. *Story's Eq. Pl.* §§ *412–414; Connolly* v. *Connolly, 32 Gratt. 657.*

1. There can be no question that the new evidence was material.

2. It is not cumulative. Cumulative evidence is additional evidence *of the same kind,* on the same point. Here the additional evidence is on the same issue, but it is not of the same kind. The former was circumstantial, the latter direct evidence. *Guyot* v. *Butts, 4 Wend. 580; Platt* v. *Munroe, 34 Barb. 291; Mulock* v. *Mulock, 1 Stew. Eq. 21; Watts* v. *Howard, 7 Metc. 478, 480.*

The evidence here makes a much stronger case than is necessary for a bill of review. In *Quick* v. *Lilly, 2 Gr. Ch. 255, 258,* it was allowed when the new evidence made it doubtful only whether the decree was right; and that was stated to be the rule upon which a bill for review would be allowed.

In *Connolly* v. *Connolly, 32 Gratt. 657,* the confession of the man who had forged the will (previously established by a decree which was now sought to be reviewed) was the new evidence, and the court held that it was not sufficient. This case is exactly parallel with ours upon every point.

4. The evidence of Barrett could not, by reasonable diligence, have been procured before the decree.

IV. A forgery can pass no rights, even to a *bona fide* purchaser. The defence of a *bona fide* purchase can be used only when the purchase was made from one having either (1) an equitable title; (2) a legal title; or (3) was carelessly armed, by the owner, with the evidence of title. *Ruckman* v. *Decker, 8 C. E. Gr. 282; Story's Eq. 1502–1505, 1510; 2 White & T. Lead. Cas. Eq. 32, 45, 46, 61; 1 Dan. on Neg. Inst. 634.*

*Messrs. Collins & Corbin,* for respondents.

I. This court has no jurisdiction to grant any relief on the petition of Mrs. Putnam.

This court cannot even review its own decrees. Appellate power is exercised over the proceedings of inferior courts—not on those of the appellate court. *Ex parte Sibbold, 12 Pet 492; Washington Bridge Co.* v. *Stewart, 3 How. 413; N. J. Franklinite Co.* v. *Ames, 1 Beas. 510; King* v. *Ruckman, 7 C. E. Gr. 554; Cox* v. *Breedlove, 2 Yerg. 505; McGregor* v. *Gardner,*

*16 Iowa 538; Kimball* v. *Feldman, 28 Iowa 497; Jewett* v. *Dringer, 4 Stew. Eq. 593; Stafford* v. *Bryan, 2 Paige 47.*

II. There is laches in making this application since the new evidence was discovered.

At law, the applicant must not lose a term after discovery of the new matter.

This applicant has lost two terms, and delayed nine months.

In *Brinkman* v. *Brinkman* (not reported, decided 1880,) Vice-Chancellor Van Fleet held that a delay of seven months after discovery of the new evidence was fatal to the application to open the decree. See, also, *Warner* v. *Warner, 4 Stew. Eq. 551.*

III. It does not appear that complainant has any new evidence. *Sheppard* v. *Sheppard, 5 Halst. 250.* Approved in *Serviss* v. *Cooper, 4 Vr. 68, 71; Quick* v. *Lilly, 2 Gr. Ch. 257.*

· The motion for a new trial on the ground of newly-discovered evidence, must be supported by the affidavit of the witness expected to testify to the newly-discovered facts. *Jenny Lind Co.* v. *Bower, 11 Cal. 194; Caldwell* v. *Dickson, 29 Mo. 227; Arnold* v. *Skaags, 35 Cal. 684; Ritchey* v. *West, 23 Ill. 385.*

It has sometimes been said *at law* that the absence of an affidavit of the new witness, may be explained and dispensed with. *McQueen* v. *Stewart, 7 Ind. 535; Cowan* v. *Smith, 35 Ill. 416.*

" The application must be based, not upon what the complainant supposes can be proved, but upon what he satisfies the court can be proved." *Long* v. *Granberry, 2 Tenn. Ch. 92; Thomas* v. *Rawlings, 34 Beav. 50.*

IV. Barrett was not a competent witness at the time depositions were taken in this suit.

He was a party, and Clark's executors were sued in a representative capacity. He is only competent now by reason of a change in the law of evidence. *P. L. of 1880 p. 52.*

A review cannot be granted, because by change of law petitioner can now introduce important testimony which was excluded before. *Berry* v. *Lisherness, 50 Me. 118.*

The case of an incompetent witness having become competent,

is not newly-discovered evidence to warrant a new trial on that ground. *Sawyer* v. *Merrill, 10 Pick. 16; State* v. *Bean, 36 N. H. 122.* See, also, *Linn* v. *Neldon, 8 C. E. Gr. 169; Grover* v. *Wyckoff, 12 Id. 75.*

It is true that, if Barrett was not a proper party, he might have been examined on behalf of a co-defendant by order of the court. *Harrison* v. *Johnson, 3 C. E. Gr. 420, 425.*

V. The new evidence, even if sworn to, does not warrant a review.

When a new witness is discovered, whose testimony is shown to be unworthy of credit, by facts proved in the former trial, a new trial will not be granted. *Jernigan* v. *Wainer, 12 Tex. 189.*

The opinion of the court was delivered by

THE CHANCELLOR.

This is an application to this court, by petition, for leave to file a bill of review, on the ground of newly discovered facts, in a cause which was decided here in 1880, on appeal from the final decree of the Chancellor dismissing the complainant's bill. By the decree of this court that decree was affirmed and the record remitted. There is, therefore, no record here now. In my judgment, the application cannot be entertained in this court, but must be made in the court of chancery. It is urged, however, that in *Jewett* v. *Dringer, 4 Stew. Eq. 586,* where such an application, on the ground of fraud and newly-discovered evidence was made to that court after reversal of the decree on appeal, it was held that it would not entertain an application to file a bill of review, to revise its decision after that decision had been passed upon by this court. That view has, indeed, the countenance of the opinion of Chancellor Walworth, in *Stafford* v. *Bryan, 2 Paige 45,* a case cited in the vice-chancellor's opinion in *Jewett* v. *Dringer,* and of the supreme court of the United States in *Southard* v. *Russell, 16 How. 547.* In the latter case, the court distinctly said that a bill of review will not lie in the case of newly-discovered evidence after the publication or decree

where a decision has taken place on appeal, unless the right is reserved in the decree of the appellate court, or permission be given on an application to that court, directly, for the purpose. But it will be found that those decisions have neither the authority of the books nor of adjudged cases for their support. The court of chancery has inherent power, without the consent of the appellate tribunal, to review, on the ground of newly-discovered evidence, its decree, though it has been passed upon on appeal, and no principle or practice requires that it shall refrain from doing so until the consent or countenance of the superior court shall have been obtained. These propositions are established by the following citations: *Needler* v. *Kendall, Cas. temp. Finch 468 ; Mitf. Pl. 88; Cooper's Pl. 92 ; 2 Dan. Ch. Pr. 1579 ; Story's Eq. Pl.* §§ *408, 418 ; 2 Hoff. Ch. Pr. 12 ; Tommey* v. *White, 1 H. of L. Cas. 160 ; Flower* v. *Lloyd, L. R. (6 Ch. Div.) 297; Haskell* v. *Raoul, 1 McCord's Ch. 22 ; Perkins* v. *Lang,* reported in a note to that case, and *McCall* v. *Graham 1 Hen. & Munf. 13.* It must be borne in mind that there is a distinction in practice between an application for a review on the ground of error on the face of the decree, and one based on newly-discovered evidence. In the former, no bill of review can be filed after the decree has been passed upon by the appellate tribunal, but in the latter it is otherwise. " Where a decree " says Judge Story, " has been affirmed in parliament, it may well be doubted whether a bill of review for errors, apparent upon the face of the decree, can be brought; for the highest appellate court has pronounced, in effect, that it is not erroneous. The same objection does not apply where the bill of review is for matter of newly-discovered evidence." In the ancient case of *Needler* v. *Kendall,* cited above, there was a bill of review, apparently for newly-discovered facts, after a decision of the cause on appeal, and it is evident, from the report, that no leave of the appellate court was deemed necessary. In the recent case of *Flower* v. *Lloyd, L. R. (6 Ch. Div.) 297* (1877), the plaintiffs obtained a judgment which was reversed on appeal. After the order on appeal was passed and entered, the plaintiffs applied to the appellate court to have the appeal reheard with new evi-

dence. It was held that that court had no jurisdiction to rehear the appeal. Sir George Jessel, M. R., speaking on the subject of the practice said, "There was another totally different class of cases, where you discovered subsequent matter which showed that the decree was wrong, although there had been no fraud in obtaining it. That was called a supplemental bill, in the nature of a bill of review, which brought the new matter forward, and again enabled the court to do justice and get rid of the original decree. That always required leave. Now, that being so, supposing the court of appeal has no jurisdiction to do what is now asked, there would be means of obtaining justice by an original action, which either would or would not require the leave of the court, according to circumstances. But the leave to be given, when required, was always to be obtained from the court in which the bill was filed, or in which the action had been brought." As before stated, it was held in that case, that the appellate tribunal (the court of appeal, under the judicature act), having once determined the appeal, had no further jurisdiction. And this court has so held, also. In *King* v. *Ruckman*, *7 C. E. Gr. 551*, Chief-Justice Beasley, in delivering the opinion of the court, said : "But I also think, that when such judgment [the judgment of this court on appeal] has been rendered, after a hearing on the merits, and has been entered on the minutes, in accordance with the views of the court, and the record has been regularly remitted to the inferior court, this court has no further jurisdiction in the case." It is interesting to note, also, that in *Legg* v. *Overbagh*, *4 Wend. 188*, it was held by the court for the correction of errors of New York, Chief-Justice Savage, Chancellor Walworth and Justice Sutherland all expressing concurrence, that where a *remittitur* had regularly issued, and the proceedings had been sent down to the court below, the appellate court had no longer any control over the cause; that the court below had become possessed of it, and the jurisdiction of the appellate tribunal over it had ceased; but that it was otherwise when the *remittitur* had issued irregularly, in which case, the cause remained in the court of appeal, in contemplation of law, and the

order or decree would, of course, be superseded; the *remittitur* in such case, being regarded as not the act of the court. While the record still remains here, leave to apply to the court below may be given, as justice may require. As in *Hoboken Bank* v. *Beckman* (1881), where the whole of the evidence in the cause, on the part of the defendants, had not, through an oversight, been submitted to the chancellor, this court remitted the cause, in order that it might be reached. And in *O'Brien* v. *Hulfish*, *7 C. E. Gr. 471*, the affirmance was without prejudice to an application to be made to the court below to modify, open, or set aside the decrees so as to reach the merits. But when the record is regularly gone, this court has no jurisdiction to make any order in the cause. Upon the two cases above mentioned as holding the contrary doctrine, *Stafford* v. *Bryan*, decided by Chancellor Walworth, and *Southard* v. *Russell*, decided by the supreme court of the United States, it may be remarked that in the first, the bill was dismissed and the complainant appealed. Pending the appeal, he, having obtained newly-discovered evidence, applied to the appellate court to stay the hearing in that court until he could apply to the court below for leave to file a supplemental bill in the nature of a bill of review, to obtain the benefit of the newly-discovered evidence. The leave was refused and the decree affirmed. On the filing of the *remittitur*, the motion for leave to file a bill of review was made in the court of chancery, so that the very application passed upon in the court below had been unsuccessfully made in the court of appeal. In the other case, no objection was made by counsel, on the ground that the bill of review had been filed without leave of the appellate tribunal, but that objection was suggested by the court itself, after it had disposed of the cause on the merits. The point was not discussed by counsel. The application under consideration is denied, with costs.

*Petition unanimously dismissed.*