## HURD v. McCLELLAN.

APPEAL UNDER A FORMER STATUTE — DEFICIENT ABSTRACT — DIS-
MISSAL.— An appeal taken from an order of a district court under
the act of April 23, 1885, providing for the submission to this court
of causes on printed abstracts of the record, setting forth so much
thereof as may be necessary to a full understanding of the ques-
tion presented, and no more, wherein the abstract furnished this
court is so deficient that the court cannot determine therefrom
whether the order appealed from is erroneous or not, will not be
entertained, but such appeal will be dismissed by the court upon
its own motion.

*Appeal from District Court of Lake County.*

THE following is the entire abstract, bill of exceptions
and assignment of error in this case, viz.: "December
24, 1885, case of *McClellan v. Hurd* dismissed in supreme
court.  January 18, 1886, *remittitur* issued by supreme
court. January 20, 1886, *remittitur* filed in district court,
and writ of possession issued.  January 21, 1886, writ
served, and Hurd placed in possession of the property.
January 22, 1886, McClellan files motion to recall writ,
and for writ of restoration.  January 23, 1886, motion
argued, and court orders the writ of possession recalled
and a writ of of restoration to issue.  Hurd appeals from
this order.  January 26, 1886, bill of exceptions filed as
follows, to wit:

"In the district court.  *De La Mar v. Hurd et al.*
And now, on January 23, 1886, the same being one of
the regular judicial days of this court, came Job C.
McClellan, by his attorneys, Rucker & Ewing and Charles
C. Post, and moved the court to recall the writ of resti-
tution or possession issued by the clerk of this court on
the 20th instant, directed to the sheriff of the county of
Clear Creek, and bases this motion upon the judgment
of this court in this case, found at pages 627, 628 of
Journal 6 of this court, and also order of the court in
this case found at pages 47 and 48 of Journal 7 of such

proceedings, and also upon the *remittitur* issued to this court in this case from the supreme court, and filed in this district court on January 20, 1886, and also for a writ restoring said McClellan to the possession of said premises.

"That to support this motion the affidavit of Joseph Playter was filed and read, it stating that, about the middle of December, he received by mail a letter from W. T. Hughes, asking for a transcript, as near as he can recollect, of the judgment and the appeal bond, and for nothing else.

"That against the motion appeared Clinton Reed and W. T. Hughes, and filed and read an affidavit of W. E. Hugo that he is in the employ of Clinton Reed, and that about the middle of December, 1885, there came a letter addressed to Clinton Reed from W. T. Hughes, and among other things it requested said Reed to go to said Playter and get from him a transcript of the judgment, the order allowing the appeal (notice of appeal), and appeal bond, to dismiss the appeal in the supreme court for the reason said McClellan had failed to file any papers in the supreme court. That this letter bears date of December 15, 1885; and that, for Clinton Reed, affiant took this letter to said Playter, and either showed him the letter or told him what was wanted, and that said Playter said that was all right, that he had received a similar letter from said Hughes.

"Also the affidavit of W. T. Hughes was filed and read, stating that he wrote to said Reed and said Playter and mailed the letters at the same time, and that in each letter the same request was made for the record, and that he desired in both letters the same record for the same purpose.

"That it was admitted in the cause that the grounds upon which the court struck the case from the docket for want of jurisdiction was absence from the record of the order allowing the appeal at pages 47 and 48 afore-

said. This was all the evidence introduced in the case by the parties.

That upon said motion and affidavits the cause was submitted, after argument; and the court grants said motion, and orders that a writ of restitution issue, and that said Job C. McClellan be restored to possession; to which ruling of the court said Hurd then and there duly excepted; and forasmuch as none of these matters appear of record this statement is tendered, asking that the same be signed, sealed and become part of the record, and the same is accordingly done this January 25, 1885. L. M. Goddard, Judge. [Seal.]

"And now comes Nathan S. Hurd, and says in the foregoing record is manifest error in this, to wit: The court erred in making the order recalling the writ of possession, and ordering a writ of restitution to issue."

Messrs. W. T. Hughes and Clinton Reed, for appellant.

Mr. Justice Elliott delivered the opinion of the court.

This is an appeal from an order under the act of April 23, 1885. The act provides that the cause shall be submitted to the supreme court upon printed abstracts of the record, setting forth so much thereof as may be necessary to a full understanding of the question presented for decision, and no more. The act further provides for additional and amended abstracts in case the parties differ as to the correctness or sufficiency of those already supplied. In this case only one abstract has been filed, and no exceptions thereto have been taken.

We do not deem it incumbent upon this court to look beyond the abstract of the record filed herein for the purpose of determining this controversy; nor do we feel at liberty so to do. The statute requires the cause to be submitted upon the printed abstract. Giving this abstract a reasonable construction, what does it show? It

shows the dismissal in the supreme court of a case between parties of the same surname as the parties to this appeal; a *remittitur* from the supreme court filed in the district court; the issuance and service of a writ of possession in favor of Hurd; an order on motion of McClellan for the recall of the writ of possession and for the issuance of a writ of restoration in favor of McClellan; and an appeal from the latter order by Hurd. The bill of exceptions, apparently between different parties (*De La Mar v. Hurd et al.*), shows that the order appealed from was based upon certain proceedings remaining of record in the district court of Lake county, and also upon the supreme court *remittitur* aforesaid; but neither the contents, substance nor subject-matter of such district court proceedings or supreme court *remittitur* are disclosed by this appeal. So far as appears the *remittitur* was regularly issued and filed in the district court, and thus the jurisdiction of the supreme court over the case ceased, and the jurisdiction of the district court re-attached. *Legg v. Overbagh*, 4 Wend. 188; *Blanc v. Bowman*, 22 Cal. 24.

Even if we were at liberty to take notice of the "Case of *Hurd v. McClellan*, dismissed in supreme court," no number or definite title thereof is given by which we might identify the same with certainty. There is not sufficient in this record by which we can determine whether or not the order appealed from was in any manner erroneous. The appeal is therefore dismissed without any express affirmance of the order, and the cause remanded.

*Appeal dismissed.*