Alimony was fixed and allowed the petitioner in this court on final decree and affirmed by the court of errors and appeals. During the appeal, application was made by petitioner's counsel to the court of errors and appeals for allowance of counsel fee for the services rendered in the appellate court. The customary motion was made by some member of that court to carry the application to conference, and the motion was adopted by the court. When the opinion of that court was delivered and filed, it disposed of the question presented by the appeal but made no mention whatsoever of the application by the appellee for counsel fee. In other words, the meritorious question of the appeal was decided but there was no decision on the motion for counsel fee. After the cause had been remitted back to this court notice was given by petitioner's solicitor of the present application.
It is my understanding that an appeal operates to remove the cause appealed from this court into the court of errors and appeals, so that the court of first instance is without power to deal further with the subject-matter, except as dealt with inAshby v. Yetter, 78 N.J. Eq. 173. During such time, all incidental motions must be made to the court of errors and appeals and not to this court. After the appeal has been heard upon its merits, according to the rules of the appellate court and its judgment has been regularly and correctly entered, and the time within which an application for re-argument may be made has expired without such motion, and the remittitur has been entered and the cause remanded to the lower court, then the court of errors and appeals is stripped of its jurisdiction and all further relief must be sought in this court. As early as King
v. Ruckman, 22 N.J. Eq. 551, Chief-Justice Beasley so declared. In that case a motion was made for a re-argument after the case had been heard upon its merits in the court of errors and appeals, judgment entered, and the papers and proceedings remitted to the court of chancery. After a review of authorities in many jurisdictions the chief-justice said that there was no doubt as to the authority of that court to amend its judgment where *Page 709 
it was erroneous by reason of fraud, accident or mistake, and then he says: "But I also think that when such judgment has been rendered after a hearing upon the merits, and has been entered on the minutes in accordance with the views of the court, and the record has been regularly remitted to the inferior court, this court has no further jurisdiction in the case."
To like effect is the opinion of Chancellor Runyon, in Putnam
v. Clark, 35 N.J. Eq. 145, where there is an exhaustive review of authorities, including King v. Ruckman, supra, and quoting the language set out above. In the Florida Case of Lovett v.State, to be found in 16 L.R.A. 313, there is such a collection of authorities and so clear a discussion of them that the editors of that work decided that no further annotation was needed, and it amply supports the views already set out.
The reason for the above discussion is, that defendant's counsel takes the position that his client is entitled to the judgment of the court of errors and appeals, to which the subject has been committed by the petitioner, and has a vested right therein of which he cannot be deprived by a second like application now made to this court. He says in his brief: "For all intents and purposes, there is an undetermined motion still pending in the court of errors and appeals and now underconsideration by that court." (Italics mine.)
Of course, in view of what has already been said, it becomes apparent that this is not so. An application for counsel fee in a divorce suit is a mere incident thereof, and if, according to its course of practice, the court of errors and appeals will not recall the entire case it has nothing before it upon which to predicate a decision of the so-called pending question. Should counsel for the petitioner now attempt to further press the application that has not been decided, it requires no vivid imagination to foretell what the answer would be. If there were a motion "still pending" in that court "and now under consideration" by it, of course, no member of the court of chancery would presume to forestall, but *Page 710 
when the cause was regularly remitted, the motion expired, and, hence, does not exist.
Another case in point is that of Weeks v. Lister, 62 N.J. Eq. 813.
In that case, application was made for counsel fees and expense of printing after decision upon the merits and the remitting of the record. It is true that this application was not made while the appeal was pending, but the following language of the court, which I here italicize, makes it abundantly apparent that the present application in the case at bar is made with entire propriety to this court:
"The application for counsel fees should first be made in this court. If the court then passes on it, the decision is final,but if the court does not pass on it, or if through mere inadvertence the application for counsel fees is not made while the case is before the court, then after the remittitur, the court of chancery has jurisdiction to grant counsel fees and printing in the court of errors and appeals upon a proper case being presented in these respects."
An examination of the language used shows that it is an application such as the present one that the court of errors and appeals had in mind when it said that if the court "does not pass on it" the court of chancery has jurisdiction to grant the prayer, after the remittitur has been entered. It is also true that this particular language was not necessary for a decision of the motion then being considered, but it is clear intimation from the court of last resort as to a common matter of practice with which its members must have been entirely familiar.
Upon an oral argument of this motion, defendant's counsel undertook to illustrate his position by a hypothetical supposition, viz., that if counsel fee is awarded now on this motion, the court of errors and appeals may, subsequently, decide similarly the motion made in that court, and thus the defendant will find himself under obligation to pay twice for a single service. This point is not pressed in the brief subsequently filed, and the answers thereto are so obvious that I assume the point is abandoned.
I will allow a counsel fee of $1,000 for the services performed in opposing the defendant's appeal. *Page 711