TOWNSHIP OF ROXBURY, MORRIS COUNTY, NEW JERSEY, PROSECUTOR, v. MADELINE PLUMSTEAD AND THE COURT OF COMMON PLEAS OF THE COUNTY OF MORRIS, RESPONDENTS.

Submitted May 13, 1932—Decided September 17, 1932.

Before Justices PARKER, CAMPBELL and LLOYD.

For the prosecutor, *Charles W. Weeks.*

For the respondents, *McCarter & English.*

PER CURIAM.

The sole question in this case is whether the Court of Common Pleas has power to award counsel fees to a successful litigant on a writ of *certiorari* to the Supreme Court and thereafter to the Court of Errors and Appeals for professional services rendered on the appeal.

The allowance of counsel fees is a matter of statutory authority and if no such authority existed the court is power-

less to award them. The only statute relied on by the respondent, section 20 of the Workmen's Compensation act, reads as follows: "The said Court of Common Pleas may, in its discretion, allow a reasonable attorney fee to the party prevailing in the trial of such appeal, which may be taxed in the costs and recovered against the unsuccessful party."

We find herein no authority for that court to deal with counsel fees incurred on review of proceedings in that tribunal. The appeal referred to in the section unmistakably refers to the appeal then pending in that court. There has been and is no other appeal and the law makes provision for no other. The Court of Common Pleas in reviewing awards of the compensation bureau sits purely as a statutory tribunal and the analogy of proceedings in the Court of Chancery as illustrated in the case of *Sobel* v. *Sobel,* 99 *N. J. Eq.* 707; 134 *Atl. Rep.* 189, bears as we think no analogy. The allowance of counsel fees to the respondent on review by *certiorari* in the Supreme Court and then on appeal to the Court of Errors and Appeals is beyond the power of the Court of Common Pleas, and so much of the judgment as awards the sum of $500 for such services is reversed.