Wright, Senator.
The question presented upon the motion is, whether it was regular for the counsel of Bergen, sole defendant in error, to take judgment in the cause without a revival of it, and without any proceedings to bring in his personal representatives; he having died after the joinder in error was served.
It appears to be well settled in the English courts, that the death of a sole defendant in error, after issue joined upon the writ, does not abate the suit, but the same is carried on to judgment in the name of the deceased party, as if he were living. No notice is taken of his death until after the cause has passed from the court of review, and then it becomes necessary to proceed by scire facias for the purpose of carrying the judgment into effect. (1 Archb. Pr. 216, Am. ed. of 1823; 2 Tidd’s Pr. 1095, 6, Am. ed. of 1807; 2 Dunl. Pr. 1144.) (a) This rule of practice is-laid down without any qualification, and I am unable to discover any good reason why it should be departed from. Where the party dies after having put in a joinder in error, there seems to be no necessity for calling in his representatives until the cause has passed from the court of review; but where he dies before, the case is obviously and essentially different.
But the counsel for the plaintiffs in error insists that this rule of practice has been changed by the revised statutes, referring to 2 R. S. 599, §§ 47, 48, 50. I am unable to agree with him. The forty-seventh section provides that if one or more of several defendants in error die, before joinder in error, such death shall be suggested by the survivors, and they shall plead to the assignment of errors. By the forty-eighth section it is provided, that if the death in such case takes place after joinder in error, the *593 writ shall not abate, but the death shall be suggested on the record, and the suit proceed against the survivors. The fiftieth section is as follows: “ If all the defendants, or a sole defendant, in a writ of error, die, after the bringing thereof, and before judgment thereon, the executors and administrators of such defendants may be compelled, by rule of court, to become parties, and join in error, in the same manner as they may now be compelled by a writ of scire facias / and in default of their actual appearance, the court shall enter their appearance, and proceed and give judgtnent in the same manner as if they had appeared.”
In a note of the revisers to these and some other sections, they say: “ The preceding nine sections are drawn with a view to abolish one of the most perplexing and tedious proceedings known in the law, and to substitute plain and practical modes. They conform to the principles of the present law and practice, see 1 Archbold’s Pr. 216 &c.” (3 R. S. 792, 2d ed.) It would . appear from this note, therefore, that no change in the existing law was contemplated by the revisers, beyond the mere substitution of a rule of court- for the writ of scire facias, in cases where the previous practice rendered it necessary to resort to that writ. I have already shown what cases these were, and that the present is not one of them.
True, the phraseology of the fiftieth section is very broad, and admits of a construction more comprehensive than the one I have given it. But as no reason exists for changing the previous practice on this subject, so' far as its principles are concerned, and as the revisers have virtually told us that no such change was intended, I am in favor of construing the section so as to limit its operation to the mere mode of bringing in the representatives of a deceased party.
The practice in this court has been, it is believed, in accordance with the view I have taken of the present question. In The Supervisors of Albany v. Dorr and others, decided in December last,(a) it appeared, when the order affirming the judgment *594 was about to be entered, that Dorr was dead, and had been so for sometime prior to the argument; and yet the judgment xvas entered in his name, as of a term when he was alive.(b) The chancellor suggested this mode of entering it, xvithout obtaining the consent of counsel, and as a matter of course, being in conformity with the practice held by him in Rogers v. Paterson, (4 Paige, 409.)
I am of opinion that the .default was regularly taken, and as the remittitur has gone from this court, I do not see how we can relieve the plaintiff in error even upon terms. (Legg v. Overbagh, 4 Wend. 188.)
*595 Senator Sherman delivered an opinion in favor of granting the motion, but a majority of the members of the court concurred with Senator Wright, and the motion was denied, but without costs.
Rule accordingly.

 And see Green v. Watkins, (9 Wheat. 261, 2.)

 Reported ante, p. 583.

 The order in the case referred to was as follows:
“ This cause having been argued by Mr. J. Van Burén, for the plaintiffs in error, and by Mr. S. Stevens for the defendants in error, and due deliberation having been thereupon had, it is ordered and adjudged that the judgment of the supreme court in the above entitled cause be in all things affirmed. It is further ordered and adjudged that the defendants in error recover against the plaintiffs in error their costs in this court to be taxed, and also interest on the amount of the judgment of the supreme court by way of damages for the delay and vexation, caused by bringing this writ of error. And it being suggested to this court that the defendant Elisha Dorr has died since the second day of March, 1842, the date of the joinder in error in this court, it is further ordered and adjudged that the judgment of this court be entered nunc p> o tunc, as of the date of the joinder in error in this court as aforesaid, with directions to the supreme court also to enter the judgment of that court upon the decision of tins court nunc pro tunc, as of the same date, without prejudice to the plaintiffs in error to move the supreme court to open the said judgment, or otherwise, as they shall be adviped by their counsel.' It is further ordered that the record and proceedings be remitted to the supreme court, there to be proceeded upon according to law."
The order in the case reported in the text was in these words:
“ This cause coming on this day to be argued, on reading and filing proof of service of notice of argument by the defendant in error, on the attorney for the plaintiffs in error, and on motion of R. W. Peokham, of counsel for the defendant in error, no one appearing to oppose, it is ordered and adjudged that the judgment of the supreme court he and the same is hereby in all tilings affirmed. It is further ordered and adjudged that the defendant in error recover against the plaintiffs in error twice the amount of his costs in this court to be taxed, and also interest on the amount of the judgment in the supreme court by way of damages for the delay caused by bringing this writ of error. It is also ordered that the record and proceedings be remitted to the supreme court, there to be proceeded upon according to law.”