## COURT OF APPEALS.

HIRAM P. HASTINGS, respondent, agt. WM. MCKINLEY AND ANOTHER, appellants.

Where a party in a cause dies *after* the return is filed in this court, the court, having obtained jurisdiction, has the power to allow his legal representatives to be substituted.

*It seems*, that section 121 of the Code does not apply to this court.

*June Term*, 1853. The respondent in this cause since the filing of the return in this court has died. His executrix now applies to be made a party to the appeal and it is objected, 1. That this application must be made in the court below, &c.

2. That it does not appear that respondent's death has occurred within one year and so relief can be had only on supplemental complaint.

N. HILL, Jr., *for Motion.*

JAMES EDWARDS, *opposed.*

By the Court, JOHNSON, J.—This court having jurisdiction to review the judgment below and having obtained possession of the cause, must in the nature of things possess all such powers as are necessary to render that jurisdiction effectual. Among other powers thus necessary is that of determining what parties ought to be before the court, and in case of any defect arising after jurisdiction is acquired, of remedying that defect; section 121 of the Code seems not to have been intended to apply in terms to this court, for it is difficult to see how in any case a supplemental complaint could be an appropriate method of bringing in new parties here.

Section 469 of the Code continues in force the practice of the courts, where that practice was not inconsistent with the provisions of the Code; under this provision I think the former practice of the Court for the Correction of Errors must govern where neither the rules of this court nor the provisions of the Code are inconsistent therewith.

Rogers vs. Paterson (4 *Paige* 413) shows that in that court, where an abatement occurred after that court became possessed of the cause, the representatives of the deceased party might apply by petition for an order that the appeal should stand revived in their names; and that mode of procedure is most convenient and most in harmony with the practice pointed out in the Code for the revival of suits in the court of original jurisdiction. We might perhaps proceed to hear the cause and render judgment as of a time prior to the death of the respondent, leaving the revivor to take place in the court below after one judgment shall be remitted, but we are satisfied that the course before pointed out is most convenient and will best insure the protection of the rights of all the parties in interest.

The motion should be granted but without costs (see also Miller agt. Gunn, 7 *How. P. R.* 159).