Barbour, Ch. J.
(Concurring in abone opinion in some respects, but dissenting as to others, and from the conclusion arrived at).—The appellant’s counsel is in error in supposing this court' is absolutely bound upon the filing of a remittitur, to render a judgment" simply adopting the judgment of the court of appeals as its own, and that it has no power except that. The record and proceedings in the appellate tribunal are remitted to the superior court, “ there to be proceeded upon according to law.” They are remitted in order that the judgment of the court of dernier resort may be carried into effect; and if, to accomplish that object, it becomes necessary that further proceedings be had in the court below prior to the entry there of a judgment on the remittitur, that will be done. So, in the case of Rogers v. Patterson (4 Paige, 418), after the "emittitur was sent down from the court of errors, and even after a judgment thereon was entered in chancery "n the usual form, the suit was revived on petition, and he executors of a complainant who had died during he appeal were brought in as parties. In pronounc *358 ing the decision the chancellor said:—“ There must be a decree of this court to carry into effect the decree of the court for correction of errors . . . “the terms of the decretal order to correspond, as near as may be, with the decree of the court of errors, adapting such decree to the suit as it is now to stand revived,” &c. So, too, in Quackenbush v. Leonard (10 Id. 131), where a female complainant had married after the decree in chancery had passed, and, pending an appeal therefrom, the chancellor held that the decree of the appellate court, although made after the marriage, was not void, and that it must be carried into effect in the court of chancery, after the proper parties were brought in; and he directed that the husband of the woman, and she, herself, by her new name, be made parties complainants by bill of revivor.
As the absolute judgment at special term dismissing the complaint, with costs to the defendant, has never been reversed, affirmed, or modified, by a judgment of this court at general term, and as the court of appeals determined nothing, in terms, in regard to that judgment, it is possible that the judge at special term would have directed the insertion of such a provision in the judgment, upon remittitur, as would have relieved the plaintiff from such former adjudication, in order to carry into effect the intention of the appellate court, if his attention had been called to that question. For, although it is apparent from the fragment of Judge Fapallo’s opinion which is printed with the appellant’s brief, and what appears in the judgment itself, that the court intended to reserve to the plaintiff the right to bring and maintain his action of ejectment, precisely as he might have done if there had been no judgment against him upon that question in this action, yet the judgment of the court of appeals did not contain all the provisions necessary to effectuate that intention.
*359 Be that, however, as it may, there can be no doubt that the court of appeals designed, by its judgment, to dispose of the entire action and all the questions involved therein. It, therefore, had a right to adjudicate in respect to costs; and as neither party had fully succeeded, a direction was given in that regard which accorded with the well-known rule. The court of appeals, therefore, having adjudicated, upon the determination of the entire action, that neither of the parties was entitled to recover costs, it follows that the learned judge at special term erred in awarding costs to the plaintiff, and in permitting the same to be inserted in the judgment.
The order appealed from should, therefore, be reversed, and an order entered directing the provision in the judgment which awards costs to the plaintiff, to be stricken therefrom, and the words “ without costs” to be inserted in place thereof. The appellants are, of course, entitled to their costs of this appeal.