## DOWNER, Administrator, vs. HOWARD.

REVIVAL OF ACTION FOR DIVORCE: SUIT MONEY. *(1–4) When and for what purposes an action for divorce may be revived after death of one party pending an appeal. (5) Allowances to wife for services of attorneys.*

1. When the party seeking a divorce appeals from a judgment simply denying it, and, pending the appeal, either party dies, the appeal and the action abate absolutely, and cannot be revived, there being no one living who can legally have any interest in the case.

2. Upon the death of either party pending an appeal from a judgment *granting* a divorce, or from a judgment determining either way an issue as to the *validity* of a marriage, this court would probably permit the appeal

to be revived, for the purpose of protecting persons (if any) whose property interests were affected by the judgment.

3. In a suit between husband and wife, on the death of the wife, without issue, pending the husband's appeal from a judgment awarding her costs or suit money, there is a presumption that her administrator has an interest (in behalf of her creditors) in the judgment and the appeal, and has a right to have the appeal continued in his name.

4. In an action by a wife for divorce, the husband's answer, besides denying the charges of the complaint, alleged facts to show that the parties were never lawfully married, and also alleged counter charges and demanded judgment of divorce against the wife. The court below dismissed the complaint and the husband's counterclaims, and adjudged that defendant pay the wife's attorneys a certain sum to enable her to pay expenses of her attorneys and counsel in carrying on the action. Pending the husband's appeal from so much of the judgment as denied his counterclaims, and awarded the wife suit money, the wife died, and an administrator was appointed, and was substituted as respondent in the appeal. It did not appear, from the pleadings or otherwise, that the refusal to adjudge the marriage null would affect the property or other rights of any person. *Held*, that the appeal abated by the death of the wife, so far as it related to the dismissal of the husband's counterclaims; but might be continued in the name of the administrator so far as it related to the award of suit money.

5. Upon the facts of this case (for which see the opinion), the court affirms the award of $600 as suit money, but declines to make further allowance for services of attorneys and counsel in this court, other than the taxable costs.

APPEAL from the Circuit Court for *Columbia* County.

The case is thus stated by Mr. Justice TAYLOR, in his opinion as originally prepared:

" This action was brought in the court below by Martha Howard against *James C. Howard*, to obtain a divorce from the bonds of matrimony. The defendant answered by denying the charges made against him, and, in three distinct counterclaims, alleges that the plaintiff was lawfully married to three persons other than the defendant, all of whom were living at the time of her alleged marriage with him; charges adultery on the part of the plaintiff, as well as cruel and inhuman treatment; and demands the judgment of the court that

the defendant be divorced from the bonds of matrimony with the plaintiff. The court below dismissed both the complaint and the several counterclaims of the defendant, and made an order, bearing date December 17, 1873, which was afterwards, on December 18, 1873, embodied in the judgment, of which the following is a copy: 'On reading the pleadings, orders, records, testimony, and all papers in the above entitled action, and on motion of Waldo & Van, attorneys for the plaintiff, it is ordered, that, in addition to all sums heretofore ordered, the defendant in said action do pay, and he is hereby required to pay, before the 18th day of February, 1874, to the plaintiff's attorneys in said suit, the further sum of $600, to enable the plaintiff to meet and pay the necessary expenses of employing attorneys and counsel to aid her in carrying on this action; and the still further sum of $128.78, to enable the plaintiff to pay other necessary expenses in carrying on the action during the pendency thereof, including her defense to the defendant's counterclaim set up in his answer therein — these sums having been ascertained by the court to be necessary for the purposes aforesaid respectively; the sums above allowed and required to be paid, together with the sums heretofore paid, being intended to be in full for the expenses incurred up to this time by the plaintiff in carrying on this action.'

"To the making of this order the defendant duly excepted, and, after the entry of the final judgment dismissing the plaintiff's complaint and the defendant's counterclaims, and embodying said order therein, the defendant appealed from so much of the final judgment as denied him the relief prayed for in his answer, and which adjudged that he should pay the several sums of money above specified.

"After said appeal was perfected, and the record had been transmitted to this court, the plaintiff and respondent died, and, on application to this court by her attorneys, *Jason Downer*, who had been appointed administrator of the estate of

the said respondent, was substituted as respondent in this appeal."

For the appellant, a brief was filed by *Cottrill, Cary & Hanson,* and the cause was argued orally by *Mr. Cottrill.* They contended, 1. That the court erred in its rulings upon the admission of evidence, in its instructions to the jury, and in its findings of fact. 2. That the court erred in its order requiring payment of $600 to plaintiff's attorneys, and of the further sum of $128.78 for the purposes stated in said order. For a year's support of the plaintiff, living by herself, $575 had been paid, and $400 for counsel fees. The cause was pending a year, and there was a single trial. Counsel have since received $200 here, and they have been sufficiently paid. If there is a doubt as to the wife's success, the alimony will be denied. *Carpenter v. Carpenter,* 19 How. Pr., 539. If the action is for a judgment of nullity, and it is admitted that the wife had a former husband, it will be denied. *Appleton v. Warner,* 51 Barb., 270. This court has refused suit money where the appeal was without merits. *Krause v. Krause,* 23 Wis., 354; *Phillips v. Phillips,* 27 id., 252. Where the wife has failed in her action, the husband is not liable for her counsel fees. *Shelton v. Pendleton,* 18 Conn., 417; *Coffin v. Dunham,* 8 Cush., 404; *Dorsey v. Goodenow,* Wright, 120; *McCullough v. Robinson,* 2 Ind., 630; *Johnson v. Williams,* 3 G. Greene, 97; *Blowers v. Sturtevant,* 4 Denio, 46; *Grindell v. Godmond,* 5 Ad. & El., 755; 1 Bish. on M. & D., § 569. 3. That, by the death of the plaintiff, the appeal, and the suit in all its incidents and parts, were abated. The suit abated at the common law, and is not saved by the statute. Secs. 1 and 2, ch. 135, R. S. (Tay. Stats., 1572-3, §§ 1, 2). See 2 Bish. on M. & D., § 363; *Anon.,* 2 Desauss. Eq., 198; *Glenn v. Glenn,* 7 Mon., 285; *Sackett v. Giles,* 3 Barb. Ch., 204. Alimony is a claim in tort, and hence does not survive. *Putnam v. Van Buren,* 7 How. Pr., 31.

*Frank B. Van Valkenburg,* for the respondent, argued the

following among other points: 1. The circuit court properly found, in accordance with the verdict, that plaintiff was legally married to defendant; and no exception is taken to that finding.· Defendant, having been guilty of great and long continued cruelty to the plaintiff, according to his own testimony, and having forced her into·this contest, was properly adjudged to pay her reasonable costs of the action, most of which were incurred ·by her in defending· against the eight distinct defenses and counterclaims set up in the answer.  *W. R. I. Co. v. Lyons*, 30 Wis., 61; *Brant v. Salisbury*, 23 id., 153; *Taft v. Kessel*, 16 id., 273; *Bevier v. Dillingham*, 18 id., 528; *Paggeot v. Sexton*, 23 id., 195; *Thomas v. Mitchell*, 27 id., 414; *Yates v. Shepardson*, 39 id., 173; *Mead v. Supervisors*, 41 id., 205.  2. Defendant is admitted to be worth at least $100,000.  The sum allowed for attorney's fees below, which was only $1,000 in the aggregate, was less than it should have been, as shown by the record and affidavits on file; but the amount was discretionary with the judge of the circuit court, and this court will not interfere with the exercise of his discretion.  R. S., ch. 111, sec. 16; *Phillips v. Phillips*, 27 Wis., 252; *Weishaupt v. Weishaupt*, id., 621; *Williams v. Williams*, 29 id., 517; *Moe v. Moe*, 39 id., 308.  3. The judgment should be affirmed, and the defendant required to pay a reasonable fee to respondent's attorney for services since the trial below, including the preparation and settlement of the bill of exceptions, the procuring of administration, the revival of this action, and the subsequent proceedings in this court.

TAYLOR, J.  It is urged by the counsel for the appellant, that, by the death of the respondent before final judgment on the appeal in this court, not only the appeal abated, but the whole action; and that no order or judgment of this court could be made either dismissing the appeal or affirming or reversing the judgment of the court below, but simply an order declaring that all the proceedings in the action, including the

Downer, Adm'r, vs. Howard.

judgment of the court below, were avoided and abated by the death of the respondent, and that neither party could have any benefit of the proceedings and judgment in such action.

We do not think this view of the case can be sustained. An appeal from the judgment of the circuit court does not vacate that judgment, nor even stay proceedings thereon, unless upon such appeal security be given by the appellant as required by the statute. If, therefore, the appeal abates by the death of either party after the appeal is perfected and record transmitted to this court, and the appeal is from a judgment of such a nature that the appeal cannot be revived and continued in favor of or against the personal representatives of the deceased party, the only order this court can make is to remit the record to the court below, where the judgment must stand as though no appeal had been taken therefrom.

When there is an appeal to this court from a judgment in an action for divorce, and such judgment simply denies a divorce to the party seeking it, and the appeal is taken from such judgment by the party seeking the divorce, and, pending such appeal, either the appellant or respondent dies, we are of the opinion that the appeal abates, and that it cannot be revived or continued in favor of either party. In that case, the whole subject of the litigation is abated, and there is no one who can legally have any further interest in the case. So, in this case, the appeal of the defendant from so much of the judgment of the court below as refused him a divorce upon his counter-claims, abated by the death of the respondent; and this court will not undertake to review the evidence upon that point, to see whether the judgment of the court below is sustained or not. We do not intend to decide what effect the death of either party after appeal brought from a judgment granting a divorce, would have upon the case, or upon the power of this court to review the judgment in such case. It is probable that, in such case, if rights of property depended upon the reversal or affirmance of such judgment, this court would per-

mit the appeal to be revived in favor of those whose rights were so affected.

Under our laws of descent, if there be no issue, in case of the death of the wife, the husband inherits, and in case of the death of the husband, the wife inherits.

In case, therefore, of a judgment of divorce against either party, the descent of all the property is changed, and the death of either party after an appeal from such judgment of divorce ought not to bar those interested in the estate from reviewing the judgment of the court below.

In an action brought to have the contract of marriage declared a nullity, it is probable that, upon the death of either party after an appeal from a judgment declaring it valid or otherwise, the appeal would not abate absolutely, but this court would permit it to be revived and continued for the purpose of protecting those whose property interests were affected by such judgment.  In this case, the defendant sets out three grounds upon which he prays the court to declare the marriage of the plaintiff with him a nullity; and if it appeared, either from the pleadings in the case or otherwise, that the refusal of the court below to render a judgment declaring his marriage with the plaintiff null and void, affected him in his property rights, this court might be compelled to review the case even after the death of the plaintiff, and, if we found that the evidence clearly showed him entitled to that relief, direct the court below to enter such judgment.  But we do not see how he can, in this case, be prejudiced by the refusal of the court to grant such relief after the death of his alleged wife; there are no issue of the alleged marriage, and if there were, it is possible they would be legitimized by the provisions of sec. 30, ch. 111, R. S. 1858, and would inherit notwithstanding the marriage was declared void; but, the wife having died during his lifetime, all possibility of claim by or through her is gone; and it is not alleged by the plaintiff or defendant that since the alleged marriage of the plaintiff and defendant, the

defendant has contracted any other marriage, the validity of which depends upon the validity of his marriage with the plaintiff.

In no possible view of the case can we see that the appellant has now any interest in procuring a judgment declaring his marriage with the plaintiff a nullity.

As to so much of the judgment of the court below as directs the defendant to pay the several sums of money therein mentioned, we are of opinion that the appeal did not abate absolutely by the death of the respondent. It was, in effect, a judgment in her favor against the defendant for so much money, to enable her to pay her expenses of the litigation, and ·especially to pay her attorneys.

The rule as to the effect of the death of a sole defendant pending an appeal, is stated by Wait, in his Practice, vol. 1, p. 155, as follows: " In all cases in which an appeal is pending at the time of the death of a sole defendant, the personal representatives of the deceased, having an interest in the judgment recovered, and in the appeal therefrom, are entitled, as a right, to be made parties to the appeal, whether the judgment appealed from was in favor of or against the deceased party whom they represent." The rule would perhaps have been better stated, if the word " party " had been substituted for the word " defendant," as there does not appear to·be any good reason why, if the plaintiff dies pending an appeal, his personal representatives, having an interest in the judgment and in the appeal, should not have the same right to be made parties to the appeal as the representatives of a deceased defendant. The cases do not, in fact, make any distinction between defendants and plaintiffs. They all turn upon the question as to the interest of the personal representatives in the judgment and in the appeal. *Hastings v. McKinley*, 8 How. Pr., 175 (in court of appeals); *Miller v. Gunn*, 7 id., 159 (in supreme court); *Schuchardt v. Remiers*, 28 id., 514 (in New York common pleas). In the first case above cited, after the appeal

Downer, Adm'r, vs. Howard.

was perfected, the respondent, who had obtained judgment in the court below, died; in the second case, which was an action for slander, the plaintiff had obtained judgment, and the defendant appealed, and, pending the appeal, died. In the third case, the defendant had obtained a judgment for costs against the plaintiffs, and they appealed, and, pending the appeal, he died. It was held in all the cases, that the personal representatives of the deceased parties were entitled, upon application, to be made parties to the appeal. It is possible that if the plaintiff should appeal from a judgment entered against him in an action which did not survive either at common law or by statute, and should die pending his appeal, his personal representatives would not be entitled to be made parties to continue the appeal, although they might have an interest in reviewing the judgment for costs.

The appeal in the case at bar being only from the part of the judgment of the court below which denied the relief prayed for by the defendant upon his counterclaims, and from the judgment for costs in favor of the respondent, she stands in this court upon this appeal as a defendant having judgment against the plaintiff for costs in the court below. If the personal representative of the respondent has an interest in the judgment for costs in her favor, then, under the rule, he is entitled to be made a party to this appeal upon her death, and is also entitled to have the court pass upon the question as to her right to judgment therefor.

The presumption is, that he has an interest. Upon the death of a married woman leaving an estate, administration must be granted in like manner as if she were unmarried, and died leaving an estate. If she have creditors, they are to be paid out of her estate before any distribution can be made to her heirs or next of kin. If it be urged that in this case it is to be presumed that, upon her death, all her estate would descend to and belong to her husband, still no presumption arises that she has no creditors who are to be paid before he is entitled

to receive the estate. In fact, the form of the judgment shows that the money was awarded to her for the purpose of enabling her to pay her attorneys and others who were her creditors, and to whom she was justly indebted for services, and perhaps advances made to enable her to carry on her suit and her defense to appellant's suit against her. In the case of *Clark v. Clark*, 6 Watts & S., 85, it was held, that where a wife brought her suit at common law for the recovery of alimony which had been awarded to her in an action for divorce *a mensa et thoro*, and died pending the action, her personal representatives might come in and prosecute the action for the benefit of her creditors; although the court held in the same case, that, as the relation of husband and wife still existed for many purposes, the arrears of the alimony belonged to the husband on the death of his wife; yet, as the husband had neither taken out letters of administration himself, nor applied to have the letters to the plaintiff vacated, he could not set up his right collaterally in his defense to the action; and, there appearing also to be debts which the wife had left unpaid, it allowed the plaintiff's administrator to recover for the benefit of her creditors, adding: " If, after the payment of the debts, anything should remain, the administrator will hold it for the use of the husband, on the principle above stated." It was also held in the case of *Brown v. Ackroyd*, 5 Ellis & Blackburn, 819, that a solicitor and proctor might recover for his services in an action brought by the wife against the husband for a divorce *a mensa et thoro*, on the ground of alleged cruelty, even though the wife died pending the action and before judgment. And it was put upon the ground that when such action was brought for sufficient cause, the services of such solicitor and proctor were necessaries, for which the husband was clearly liable. A similar decision was made in *Wilson v. Ford*, L. R., 3 Exch., 63. This case was decided as late as 1868. In *Shepherd v. Mackoul*, 3 Camp., 326, it was held that an attorney could recover against the husband for his

services in behalf of the wife in exhibiting articles of the peace against him in a proper case; and a like decision was made in this court in the case of *Warner v. Heiden*, 28 Wis., 517.

These cases all go upon the ground that the services are necessaries furnished to the wife.

There can be no doubt, therefore, that the attorney and others who furnished the respondent their services and money to carry on her defense and suit in this case against her husband, are entitled to be paid out of the money awarded to her by the court below, in case the award was properly made; and therefore the personal representative of the deceased should be, and was properly, made a party to this appeal, so as to protect their interests in the recovery of this money from the appellant.

Without looking carefully into the voluminous record presented in this case, we are convinced that the judge of the court below did not abuse the discretion vested in him by the statute. It is almost a matter of course to award to the wife, when she is plaintiff in a divorce suit, money to carry on the same; and when she is defendant it is always awarded, unless, perhaps, in a case where it appears that she has a separate estate which is quite adequate to meet all such expenses. In the ecclesiastical court in England, by the rules of the court, the expenses of the solicitor for the wife are required to be taxed and paid by the husband at each term during the pendency of the action. See *Brown v. Ackroyd*, above cited. In this state, the statute gives the judge before whom the action for divorce is pending, ample discretion in the matter. Sec. 16, ch. 111, R. S. 1858. In the case of *Williams v. Williams*, 29 Wis., 517, the court say: "In divorce suits the court has plenary power over the whole subject of alimony and allowance, both before and after judgment. .... And the supreme court will not interfere with the determination of the circuit court, unless it is apparent that

some of the conditions which should have been considered, have been overlooked, to the injury of one of the parties."

In the case at bar, it appears that the appellant is a man of large means; that the wife has no means of her own; that the litigation was protracted, expensive and bitter on both sides; that the only allowances made for suit money, previous to the entry of the final judgment, were $400, and upon that entry $600 more was allowed for attorney's fees. Two hundred dollars has since been allowed in this court, which, it is said by the attorney for the respondent, was paid to her for her maintenance. Under these circumstances, we cannot say that the judge of the circuit court abused his discretion in making the allowances he did to the respondent for attorney's fees and expenses; but as the allowances were quite liberal under all the facts of the case, we decline to make any further allowance for services in this court, other than the taxable costs.

According to our views, as above stated, the appeal has abated as to that part of it which appeals from so much of the judgment of the court below as denies the appellant the relief demanded in his answer; and so much of the judgment of the circuit court as awarded to the respondent the several sums of $600 and $128.78, is affirmed, with costs to the respondent.

*By the Court.*— So ordered.

RYAN, C. J., and LYON, J., took no part.