RHODILLA KELSEY AND ELISHA BACON, AS ADMINISTRA-
TORS, ETC., OF HORACE KELSEY, DECEASED, RESPONDENTS,
v. HUGH J. JEWETT, AS RECEIVER OF THE ERIE RAIL-
WAY COMPANY, APPELLANT.

*Action for personal injuries — it abates upon the death of the plaintiff — the recovery
of a verdict by him will not make it survive if it be reversed on appeal — Code of
Civil Procedure, sec. 764.*

In an action to recover damages for personal injuries occasioned by the negligence
of the defendant the plaintiff recovered a judgment from which an appeal was
taken to the General Term. The appeal was argued in June, 1882, and in
October a decision was made reversing the judgment and granting a new trial.
The plaintiff died in September, 1882. Thereafter the administrators of the
deceased plaintiff were substituted in his place and allowed to file a supple-
mental complaint.
The defendant demurred to the supplemental complaint, upon the ground that
it did not state facts sufficient to constitute a cause of action:
*Held,* that the demurrer should be sustained, as the action abated upon the death
of the original plaintiff.

APPEAL from a judgment, entered upon an order overruling a
demurrer interposed to the complaint, and from the said order.

This is an action to recover damages for injuries to the person of
the intestate, alleged to have been caused by the defendant's negli-
gence. The action was commenced November 21, 1875, by the
intestate as plaintiff, and issue was joined December 11, 1877. The
cause was tried in November, 1879, and a verdict was rendered for
$5,500 in favor of the plaintiff. The defendant made a motion
for a new trial at Special Term, which was denied in September,
1880. Judgment was entered on the verdict in favor of the plain-
tiff and an appeal was taken to the General Term in September,
1880. The case was argued and submitted at General Term in
June, 1882, and a decision reversing the judgment, setting aside the
verdict and granting a new trial was handed down by that court in
October, 1882. The plaintiff died in September, 1882. After the
decision on the appeal, upon a petition by the administrators, they
were substituted as plaintiffs in the action and leave was granted to
them to file a supplemental complaint setting forth the death of the
original plaintiff and the appointment of themselves as adminis-
trators. On the filing and serving of the supplemental complaint in

November, 1883, the defendant interposed a demurrer upon the ground, among others, that the complaint did not state facts sufficient to constitute a cause of action, and that the cause of action set forth in the original complaint did not survive the death of the intestate. This demurrer was overruled at Special Term and leave given to the defendant to answer. Judgment was entered thereon, from which the defendant appeals.

*Sprague, Morey & Sprague,* for the appellant.

*W. S. Oliver,* for the respondents.

BARKER, J.:

The plaintiffs, in their representative capacity, had no cause of action against the defendant at the time of filing the supplemental complaint. By a rule of the common law, rights of action founded in tort died with the death of the injured party. The maxim of that law was, "a personal right of action dies with the person." The personal representatives of a deceased person might, however, sue for a breach of any covenant or promise running to the deceased which caused any injury to his personal estate. So if a *tort feasor* or trespasser did an injury to the property of another, either real or personal, and the injured party died before satisfaction was made, all remedy against the wrong-doer was gone and the estate of the deceased was diminished in value to the extent of the loss sustained by the injury. This rule has been relaxed in England by several acts of parliament relative to the subject. (Broom's Legal Maxims, m. p. 704.)

In this State the ancient rule has been also modified in some particulars, but the change effected does not include in its operation a case like the one at bar; therefore, the cause of action did not survive to the personal representatives of the deceased. The statutes on the subject are found in chapter 8, part 3, title 3, article 1, entitled "of suits by and against executors and administrators." By section 1, 2 Revised Statutes, marginal page 447, it is enacted : "For wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrong-doer, such action may be brought by the person injured, or, after his death, by his executors or administrators against such wrong-doer   *   *   *   in the same

manner and with the like effect in all respects, as actions founded upon contracts."

The limits of the first section are distinctly defined by the provisions of the second section, which read: "But the preceding section shall not extend to actions for slander, for libel, or to actions of assault and battery or false imprisonment, *nor to actions on the case for injuries to the person of the plaintiff*, or to the person of the testator or intestate of any executor or administrator." These provisions of the statute are in full force and effect, unrepealed and in all respects unmodified. (*Cregin* v. *Brooklyn, etc., R. R. Co.*, 75 N. Y., 192; *Murphy* v. *N. Y. C. and H. R. R. R. Co.*, 31 Hun, 358.)

It will be observed that in the instances where the right of action survives to the personal representatives, the recovery is for the benefit of the estate of the deceased. The cause of action set forth in the plaintiff's complaint is for injuries done to the person of the plaintiff's intestate. At the time of the filing of the supplemental complaint this alleged cause of action was untried and undetermined.

The plaintiff's position is this: that a verdict having been rendered in favor of the intestate in his lifetime, the right of action survives by virtue of other statutory provisions relative to the subject.

By another rule of the common law, if the injured party brought suit and died before the final judgment, the suit abated. This rule of procedure in actions at law has also been changed, with a view of saving to the estates of deceased persons verdicts recovered in their favor during their lives, in actions of tort, so that if the verdict should remain undisturbed final judgment might be entered thereon and enforced by the personal representatives of the deceased party, and the proceeds become part of the estate in their hands for distribution among the creditors and next of kin of the deceased. The provision of the Revised Statutes on this subject was as follows: "After verdict shall be rendered in any action and after plea of confession in a suit brought, if either party die before judgment be actually entered thereon, the court may, within two terms after such verdict or plea, enter final judgment in the name of the original parties."

This provision, it will be observed, embraces both classes of actions, no distinction being made between actions of tort and on contract. The statute was repealed (Laws of 1880, chap. 245) and the legislative expression on the same subject is found in section 764, Code of Civil Procedure, as amended 1881, and is as follows: "After verdict, report or decision in an action to recover damages for a personal injury, the action does not abate by the death of a party, but the subsequent proceedings are the same as in a case where the cause of action survives." This provision in terms is limited to actions for personal injuries, and properly so, as section 757 related to cases where the cause of action survived, as provided by the Revised Statutes already quoted. Section 764 was substituted in the place of section 121 of the old Code, and so far as the question we are now considering is concerned, the provisions are in legal effect the same.

In our opinion if a verdict for a personal injury is set aside then the cause of action abates if the plaintiff dies before another trial is had, and that the sole purpose intended to be accomplished by the provisions of section 764 is to save to the estate of a deceased party the verdict, report or decision, which may have been rendered in his favor before his death. After a verdict or decision has been set aside as void or erroneous the case stands the same as if none had been rendered, the issues being untried and undetermined.

The subsequent proceedings referred to in this action are the proceedings had in the case after perfecting judgment, or motions made or appeals taken in the action in due course of procedure, to test the validity of the judgment. For that purpose it is proper to substitute the personal representatives of the deceased party. When the party to an action dies after an appeal is taken from the judgment, the court having jurisdiction on appeal has power to order the legal representatives of the deceased to be substituted independent of the provision of the Code on the subject of substitution of new parties. (*Hastings* v. *McKinley*, 8 How. Pr., 175; 1 Wait's Pr., 155.)

To give the section the construction contended for by the respondent would make a radical change in the law beyond what, as we think, was the intention of the legislature. Such a construction would, in many cases, open the way for the most objectionable pro

ceedings in courts of justice, and result in continuing active litigation, which should terminate with the death of either of the litigants. If we should hold, in the case now before us, that the action was not abated, then actions for slander, libel, breach of promise to marry may be tried *de novo* after the death of either the plaintiff or defendant in all cases where a verdict has been once rendered in favor of either party and set aside for cause. The estates of deceased persons might be wasted by law suits of a purely malicious character. Executors and administrators might maintain suits for slander, uttered in the life of the deceased, defaming his character. We are not persuaded that the legislature, in substituting this section of the Code for the provisions contained in the Revised Statutes, intended that any such result should follow.

In the case of *Benjamin's Executors* v. *Smith* (17 Wend., 208) it was held that when a verdict had been set aside and the action sent back for a new trial, it was the same as if no verdict had been rendered.

We have not been able to find any decision which supports the view of the learned judge at Special Term. The following cases contain rulings and suggestions which are in accord with our own views: *Evans* v. *Cleveland* (72 N. Y., 488); *Mosely* v. *Mosely* (11 Abb., 105); *Wood* v. *Phillips* (11 Abb. [N. S.], 2); *Spooner* v. *Keeler* (51 N. Y., 527); *Comstock* v. *Dodge* (43 How., 97); *Cox* v. *New York Central and Hudson River Railroad* (4 Hun, 176). Several of these cases gave an interpretation to section 121 of the old Code, which is in substance like section 764 of the present Code.

The judgment overruling the demurrer is reversed and the demurrer sustained, and judgment absolute ordered for the defendant, with costs.

SMITH, P. J., BRADLEY and CORLETT, JJ., concurred.

Judgment reversed, demurrer sustained and judgment absolute ordered for the defendant, with costs.