Per Curiam.
At the special term, the proceedings of the commissioners in removing the relator from his office were affirmed, and the writ of certiorari was quashed, with ten dollars costs. At the- general term the order of the special term was affirmed, with ten dollars costs and disbursements. By virtue of these two orders the relator became liable to pay upwards of twenty dollars, and payment of that sum can now be enforced against his estate. If the decisions below were wrong, and the relator was improperly removed from office, and the orders below should be reversed, then upon their reversal the administratrix of the relator would be entitled to recover his salary during the time he was excluded from his office, or damages for such exclusion. Hence, both on account of such costs and the salary, she is interested in the appeal pending in this court. Until the decisions below have been reversed, she cannot enforce payment of any salary, or resist the payment of the costs which have been adjudged against her husband. People v. Hall, 80 N. Y., 117, 127; Nichols v. MacLean, 101 id., 526. In such a case we have no doubt of the power of the court to substitute the administratrix of the deceased relator. People v. Robinson, 29 Barb., 77; Hastinys v. McKinley, 8 How. Pr., 175.
The motion should be granted.
All concur.