### In re RANDOLPH.

(Surrogate's Court, New York County.　September 19, 1911.)

1. TRUSTS (§ 324*)—LOANS BY TRUSTEE—CONDITIONS—PERSONS ENTITLED.

   The remaindermen of a trust estate may object on accounting by the trustee to an improper loan made by him.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 482; Dec. Dig. § 324.*]

2. TRUSTS (§ 217*)—MANAGEMENT OF TRUST ESTATE—LOAN OF TRUST FUND.

   The trustee of an express trust may invest the trust funds in bonds and mortgages on unincumbered real property, worth twice the amount loaned, as authorized by Decedent Estate Law (Consol. Laws 1909, c. 13) § 111, and Personal Property Law (Consol. Laws 1909, c. 41) § 21, but only upon the implied provision that the loan be reasonable and proper in other respects in addition to the conditions described by the statutes.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 301–309; Dec. Dig. § 217.*]

3. TRUSTS (§ 217*)—MANAGEMENT OF TRUST ESTATE.

   The Surrogate Court will always hold trustees to conform to those established rules which tend to secure the trust funds.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 301–309; Dec. Dig. § 217.*]

4. TRUSTS (§ 222*)—MANAGEMENT OF TRUSTS—LOAN OF TRUST FUND.

   Since loans on bonds and mortgages are primarily the personal debt of the mortgagor, to authorize a trustee under an express trust to loan trust funds upon real estate mortgage security, the mortgagor must be reasonably solvent, in addition to furnishing adequate security.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 319; Dec. Dig. § 222.*]

5. TRUSTS (§ 222*)—MANAGEMENT OF TRUST FUNDS—LOAN OF TRUST FUND.

   It is improper for a trustee under an express trust to loan trust funds on personal security alone.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 319; Dec. Dig. § 222.*]

6. TRUSTS (§ 231*)—MANAGEMENT OF TRUST ESTATE—LOAN OF TRUST FUNDS—LOANED TO TRUSTEE'S WIFE.

   It is as improper for a trustee to loan trust funds to his wife as it is to himself.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 330–335; Dec. Dig. § 231.*]

7. TRUSTS (§ 179*)—MANAGEMENT OF TRUST ESTATE—DUTIES OF TRUSTEE.

   A Surrogate's Court will hold a trustee under an express trust to the highest standard of conduct in managing the trust estate.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 233; Dec. Dig. § 179.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Accounting by Obadiah W. F. Randolph, as substituted trustee under the will of Charles F. Randolph, deceased, and as trustee under the will of Edward F. Randolph, deceased. On objections to a loan of trust funds by the trustee. Objections overruled on condition.

Affirmed, without opinion, by Appellate Division, April 19, 1912.

While trustees of express trust may now by statute invest in bonds secured by mortgages of real property worth 50 per cent. more than the loan, this permission is coupled with the proviso that such loan is in other respects reasonable and proper. Such is not the case where the trustee loans the trust fund on the bond of his wife, secured by a mortgage on her separate property. A trustee who knowingly lends the trust fund to an insolvent, although the loan purports to be secured by a mortgage on real property, is in reality investing in real property, which is a breach of trust. To justify such loans, the bonds of the insolvent should not knowingly be accepted by the trustee, even if the mortgage security purports to be ample. In the courts of the surrogates trustees are to be held to the highest standards, not the lowest.

Phillips & Avery and Mr. Simpson, for objectors.
L. E. Warren and Mr. Grossman, for trustee.

FOWLER, S. Objections have been made to the account of the substituted trustee, and brought on for hearing before the surrogate.

On the hearing it appeared that Mr. Randolph, the substituted trustee, out of the trust fund of $21,812.26, with which he charges himself, has loaned $16,000 on a bond of his wife, Anna A. F. Randolph, secured by a first mortgage of her real property. The estate thus mortgaged was held by Mrs. Randolph for a fee-simple estate of inheritance, and she is seised thereof as of her individual and separate property. The property covered by the mortgage is situated in the borough of Brooklyn, the city of New York. Subsequent to the making of the mortgage the trustee released a part of the estate mortgaged from the operation of the mortgage. The release was without any consideration moving to the trustee, and was thus on its face prima facie a detriment to the trust estate. This release the trustee justifies by the assertion that the property remaining subject to the lien of the mortgage is ample security for the loan. But again this is denied, and it is claimed by objectors that the mortgage is now 70 per cent. of the value of the property remaining subject to the lien of the mortgage. It should not exceed a clear 50 per cent. of such value.

[1] The objectors are persons entitled in remainder to the trust estate, and they have a good standing to object, and have filed formal objections to the trustee's account, claiming that the loan to Mrs. Randolph and the release were improper, and that the loan is now inadequately secured.

[2] For many years back, and at present under the statutes of this state (now section 111, Decedent Estate Law [Consol. Laws 1909, c. 13]; section 21, Pers. Prop. Law [Consol. Laws 1909, c. 41]), trustees of express trusts to hold and invest are permitted, in the absence of express directions to the contrary, to invest the trust funds in bonds and mortgages on unincumbered real property in this state worth 50 per cent. more than the amount loaned thereon. But such

permission, I think, is always coupled with the implied proviso that such loan is to be in other respects reasonable and proper. The surrogate does not understand that this qualification, formerly well understood in Courts of Chancery, is abrogated by the statutes of either England or New York regulating pro tanto the investments of trustees. On the contrary, this qualification must be read, as it were, into the statutes.

[3, 4] Trustees in this court are always to be held to all those established rules which make for the security of trust funds. The exigencies of the helpless persons confided to the care of this court and interested in such estates demand this, at least, of the surrogate. Loans on bonds and mortgages are primarily a personal debt of the maker of the bond, and the debt is now only incidentally secured by the collateral obligation expressed in the instrument of mortgage. It must be apparent that the debtor in such a case should be solvent, and a trustee who knowingly and deliberately lends money to an insolvent on the faith of the mortgage alone, under color of a loan, is in reality making an investment in real property, which is a breach of trust. Formerly the solvency of the maker of the bond was carefully investigated by the attorney for the trustee, and, if it was not satisfactory, the loan was rejected by the more prudent advisers as unsuitable for a trustee. The surrogate is unwilling to sanction a contrary practice in view of the complications which may always arise from loans to insolvent debtors, and when made wholly on the strength of the collateral security. Such conduct on the part of trustees would not be the "prudence," I think, which the law demands of trustees. Adair v. Brimmer, 74 N. Y. 551; Mills v. Hoffman, 26 Hun, 600.

[5] While a loan on personal security alone is improper for trustees (Bogart v. Van Velsor, 4 Edw. Ch. 718, 722; Smith v. Smith, 4 Johns. Ch. 281), a loan on the faith and credit of the real property offered as collateral seems to me to be equally improper (Rogers v. Paterson, 4 Paige, 409; Eckford v. De Kay, 8 Paige, 89). There must now be both a reasonably solvent maker of the principal obligation and adequate security in order to justify trustees in investing a trust fund in bonds secured by mortgages on real property.

If I am right in the foregoing review of the general principles regulating the investments of trustees in bonds and mortgages of real property, then it is apparent that the rights and remedies of the trustee on the bond should always be taken into account by a prudent trustee. The right in re and the right in personam should both be perfect. If these are imperfect, the loan is as to him improper.

[6] A trustee·cannot loan the trust fund to himself. Is he in a much better position when he loans it to his wife? Is he in that event in the neutral and prudent position which the court requires of him? Is he free to enforce the rights and remedies accruing on the bond of his own wife? It would certainly seem not; at least, he is not in a position to pursue them with that promptness, efficiency, and vigor which is demanded of trustees. In the exercise of those rights in this instance, for example, the trustee is likely to be in a conflicting position and to be tossed about between a desire to do his duty and a natural desire to be lenient and considerate of the debtor.

Such a position for a trustee is manifestly an improper one, and it ought not, I think, to receive the formal sanction of the surrogate.

The testimony is conflicting upon the exact value of the mortgaged estate, but this I will not now pass upon, as the reasons which I have given are sufficient to cause me to sustain the objections, irrespective of the value of the mortgaged estate.

[7] In this court trustees should be held to the highest standard, not the lowest.

It appears, however, that the objectors are willing to let the mortgage stand provided it is reduced in amount. If they are still willing to do this, and to withdraw their objections in the event that the trustee consents to so act, they may so agree among themselves. I cannot prevent it. Otherwise the objections are sustained.